**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| IN RE: | § | Chapter 11 |
| | § | |
| ALPINE SUMMIT ENERGY | § | Case No. 23-90739 (DRJ) |
| PARTNERS, INC., *et al* | § | |
| | § | (Joint Administration Requested) |
| Debtors[1]. | § | |

**PALEO OIL COMPANY LLC'S PARTIAL OBJECTION TO DEBTORS'**
**EMERGENCY MOTION FOR ENTRY OF ORDER (I) AUTHORIZING DEBTORS TO**
**HONOR PREPETITION AND POSTPETITION OBLIGATIONS TO HOLDERS OF**
**ROYALTY INTERESTS, OVERRIDING ROYALTY INTERESTS, AND WORKING**
**INTERESTS, AND (III) GRANTING RELATED RELIEF**
**(Docket No. 12)**

Paleo Oil Company LLC ("Paleo") files its Partial Objection to the Debtors' Emergency

Motion for Entry of Order (I) Authorizing Debtors to Honor Prepetition and Postpetition

Obligations to Holders of Royalty Interests, Overriding Royalty Interests, and Working Interests,

and (III) Granting Related Relief (Docket No. 12, the "Revenue Payment Motion"). In partial

opposition to the Revenue Payment Motion, Paleo would respectfully show the Court as follows:

**INTRODUCTION**

1.      Paleo owns working interests in some of the properties operated by Debtors HB2

Origination, LLC ("HB2") and Ironroc Energy Partners, LLC ("Ironroc").  Those properties are

governed by a Joint Operating Agreement (the "JOA") between Paleo and HB2.  Pursuant to the

JOA, Paleo has the right to oust HB2 and Ironroc as operator of the properties.  Paleo has exercised

that right and is the rightful operator of the properties.

---

[1]  The Debtors in these chapter 11 cases, along with the last four digits of the Debtors' federal tax identification number, are Alpine Summit Energy Partners, Inc. (3755), HB2 Origination, LLC (6760), Ageron Energy II, LLC (1436), Ironroc Energy Partners LLC (9801), Ageron Ironroc Energy, LLC (N/A), Alpine Summit Energy Investors, Inc. (4428), and Alpine Carbon, LLC (N/A). The location of the Debtors' service address is: 3322 West End Ave, Suite 450, Nashville, TN 37203.

**FACTUAL BACKGROUND**

2.       Paleo was the original owner of many valuable oil and gas leases in Lee and Fayette Counties, Texas.  Paleo turned this prospect over to HB2 and Ironroc to operate, with Paleo retaining a working interest.  Paleo and HB2 are parties to a Participation Agreement (the "PA") to which the JOA is attached.  The PA and the JOA, with their three amendments, are attached hereto as Exhibit A.  Under the PA and JOA, HB2 was selected as the initial operator with its affiliate, Ironroc, serving as contract operator.

3.       On the Petition Date, Paleo had an active lawsuit against HB2 and Ironroc and had ousted HB2 and Ironroc as operator of the properties via its affirmative vote to remove HB2 and Ironroc as operator and the operator's failure to cure its various breaches of the JOA within thirty (30) days of notice of the ouster.  A true and correct copy of Paleo's Original Petition in Cause No. 18,218, *Paleo Oil Company LLC v. HB2 Origination, LLC and Ironroc Energy Partners, LLC*, In the 21st Judicial District Court of Lee County, Texas, is attached hereto as Exhibit B.  The lawsuit arises from HB2 and Ironroc's violations of the PA and JOA, including failure to pay vendors despite Paleo paying its share of vendor costs to the operator, allowing liens to be filed against the jointly owned property, and other material breaches of the JOA.  As a result, Paleo properly and lawfully exercised its right to remove HB2 and Ironroc as operator of the properties. A true and correct copy of the letter giving notice to the Debtors that they had been ousted as operator, along with the ballot showing this vote, is attached hereto as Exhibit C.  Notwithstanding this bankruptcy filing, Paleo is the rightful operator of the nine wells drilled on the leases governed by the JOA.

4.       Paleo has also been elected to serve as the non-owning contract operator of nine wells owned by Prominence Oil & Gas, LLC ("Prominence").  Prominence intervened in Paleo's

lawsuit to assert the same types of claims as Paleo asserted against HB2 and Ironroc as to another subset of Giddings Field wells. Like Paleo, Prominence had also exercised its option under its JOAs with HB2 and Ironroc to oust the Debtors as operator of the nine wells located on the leases covered by the Prominence JOAs. And Prominence had elected Paleo to serve as the new contract operator of the properties in which Prominence owns an interest.  True and correct copies of Prominence's notice letters and ballots are attached hereto as Exhibit D.  Thus, Paleo is the duly elected operator of the wells owned by Prominence.

5.       On June 20, 2023, Debtors HB2 and Ironroc agreed to the entry of a Temporary Restraining Order.  A true and correct copy of the Temporary Restraining Order is attached hereto as Exhibit E.  The hearing on Paleo's Application for Temporary Injunction, which would include Paleo's and Prominence's requests for an injunction against Debtors' interfering with Paleo operating the properties, was set for July 25, 2023, which was the earliest hearing date due to counsel for HB2 and Ironroc contending that a planned vacation prevented an earlier hearing.

6.       But for the filing of the bankruptcy, the Debtors were less than three weeks away from facing a temporary injunction hearing seeking an order to require Debtors to sign Texas Railroad Commission P-4 Change in Operator forms to effectuate their ouster as operator of 18 wells they operate in the Giddings area.  *See Flamingo Permian Oil & Gas, LLC v. Star Exploration, LLC*, 569 S.W.3d 329 (Tex. App.—El Paso 2019, no pet.) (affirming trial court temporary injunction order requiring ousted operator to sign Texas Railroad Commission P-4 Change-In-Operator form). All told, the bankruptcy filing temporary staved off injunction hearings seeking to require the Debtors to sign over operatorship from a regulatory standpoint[2] in the majority of their Giddings area wells.

---

[2] Paleo contends that the pre-petition ouster as operator remains effective, despite the Debtors' refusal to execute Texas Railroad Commission Form P-4 for each well and its current bankruptcy filing.

**OBJECTION TO AUTHORIZING DEBTORS TO CONTINUE OPERATING WELLS**

7.      Paleo objects to the Revenue Payment Motion to the extent the Debtors are seeking authority to continue operating wells where they have been removed as operator.  There is no need for the Debtors to have authority to pay working interest revenues after they have been removed as operator.  The working interest revenues should be paid by the product purchaser to Paleo as the new operator.  Paleo does not object to the Debtors paying royalty owners and non-operating working interest owners on properties where the Debtors continue to serve as operator.[3] However, the Debtors should be ordered to sign the necessary Railroad Commission forms and surrender operations to Paleo on the wells owned by Paleo and Prominence.

**OBJECTION TO SET-OFF OR "NETTING OUT" OF REVENUES**

8.      To the extent that the Debtors continue to receive working interest revenues from the product purchasers, the Debtors should not be allowed to set-off operating expenses against those revenues.  Their proposed order grants them the authority to set-off joint interest billings against working interest revenues.

9.      Under the applicable JOAs, the Debtors are supposed to send the non-operators their respective shares of the working interest revenues and contemporaneously send a joint interest billing (a "JIB") for the working interest owners' share of the previous month's costs. Instead, the Debtors have employed a practice known as "netting out."  That is, the Debtors deduct the working interest owner's share of the costs from that owner's share of the revenue and pays the net amount to the non-operator.  This is just one of many JOA violations committed by the Debtors.

---

[3]  Paleo expects that the Debtors will end up under the supervision of a Chapter 11 Trustee and will cease operating all properties.

10.     Not only is the Debtors' practice improper and a violation of the JOAs, but it has also been abused by the Debtors.  Instead of sending JIBs showing the monthly operating expenses, the Debtors send "Joint Owner Statements."  Examples of these Joint Owner Statements are attached as Exhibit F.  The statements list vendor invoices that supposedly were paid, but many of the listed invoices have not been paid.

11.     Disturbingly, the Joint Owner Statements list vendor invoices that were not paid by the Debtors.  Vendor invoices listed by the Debtors have appeared in liens filed against the properties or in lawsuits by vendors.  Gold Rush Trucking is just one example of such vendors. The Debtors withheld money from Paleo with the representation that the Debtors had paid Gold Rush Trucking, but the Debtors did not actually pay Gold Rush Trucking.  In other words, the Debtors took portions of the non-operator's working interest revenues (money that did not belong to the Debtors), withheld portions of that money to ostensibly pay vendor invoices, and then did not pay those invoices.  This practice raises the obvious question: where did the money go?  The Debtors should not be allowed to continue netting out expenses against the revenues and force Paleo to continue asking where its money went.

WHEREFORE, Paleo Oil Company LLC respectfully requests that the Revenue Payment Motion be denied in part as requested herein.

Dated:  July 7, 2023

Respectfully Submitted,

SANDERS LLP

By:  /s/ Michael C. Sanders
       Michael C. Sanders
       Texas Bar No. 24007981
       5850 San Felipe, Suite 500
       Houston, Texas 77057
       Telephone: 713-493-7547
       Facsimile: 713-347-9569
       Email for Correspondence:
               mcs@sandersfirm.law
       Email for Electronic Service:
               eservice@sandersfirm.law

ATTORNEY FOR PALEO OIL COMPANY, LLC

**CERTIFICATE OF SERVICE**

The undersigned certifies that on July 7, 2023, a true and correct copy of the foregoing instrument was served, in accordance with the Federal Rules of Bankruptcy Procedure, via email on all parties registered to receive electronic notice of filings in this case via this Court's ECF notification system, including the debtor's counsel, the trustee's counsel, the United States Trustee, and all parties requesting notice.

/s/ Michael C. Sanders
Michael C. Sanders