# EXHIBIT 21

OFFICIAL PUBLIC RECORDS
LEE COUNTY, TX
# 2022-02015 05/09/2022 at 12:51:00 PM

WHEN RECORDED RETURN TO:
HB2 Origination, LLC
3322 West End Avenue, Suite 450
Nashville, TN 37203
Attn: Chrystie Holmstrom

**NOTICE OF CONFIDENTIALITY RIGHTS: IF YOU ARE A NATURAL PERSON, YOU MAY REMOVE OR STRIKE ANY OR ALL OF THE FOLLOWING INFORMATION FROM ANY INSTRUMENT THAT TRANSFERS AN INTEREST IN REAL PROPERTY BEFORE IT IS FILED FOR RECORD IN THE PUBLIC RECORDS:  YOUR SOCIAL SECURITY NUMBER OR YOUR DRIVER'S LICENSE NUMBER.**

## WELLBORE ASSIGNMENT AND BILL OF SALE

| | | |
|---|---|---|
| STATE OF TEXAS | § | |
| | § | KNOW ALL PERSONS BY THESE PRESENTS |
| COUNTIES OF AUSTIN, FAYETTE, | § | |
| LEE & WASHINGTON | § | |

This WELLBORE ASSIGNMENT AND BILL OF SALE (this "**Assignment**") is from HB2 ORIGINATION, LLC, a Delaware limited liability company ("**Assignor**"), whose address is 3322 West End Avenue, Suite 450, Nashville, TN 37203, to ALPINE SUMMIT FUNDING LLC, a Delaware limited liability company ("**Assignee**"), whose address is 3322 West End Avenue, Suite 450, Nashville, TN 37203, and is dated as of the date of the latest acknowledgement appearing below but is effective as of 12:01 a.m., Central Prevailing Time on April 1, 2022 (the "**Effective Time**"). Assignor and Assignee are sometimes referred to herein each as a "**Party**" and collectively as the "**Parties**". Capitalized terms used herein that are not defined in the other provisions of this Assignment have the respective meanings given to them in that certain Asset Purchase Agreement dated April 29, 2022, between Assignor and Assignee (the "**APA**").

## ARTICLE I
## ASSIGNMENT

**1.1** **Assignment**. For and in consideration of the sum of Ten Dollars ($10.00) and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, Assignor does hereby, effective as of the Effective Time, SELL, CONVEY, ASSIGN, TRANSFER, SET OVER, and DELIVER unto Assignee, the following, but excluding the Excluded Assets (as defined below) (the following, less and except the Excluded Assets, the "**Wellbore Interests**"):

(a)    with respect to each Hydrocarbon well set forth in <u>Exhibit A-1</u> (collectively, the "**Wells**", and each, a "**Well**"), all of Assignor's right, title and interest in and to the following:

(i)    the wellbore of such Well, as such wellbore has been completed as of the Effective Time or may be extended or otherwise reworked or recompleted at any time thereafter;

(ii)    all Hydrocarbons (as defined below) produced from or attributable to the wellbore of such Well from and after the Effective Time, and all proceeds or accounts receivable resulting from the sale of any such Hydrocarbons;

(iii)    the Leases (as defined below), in each case, **INSOFAR AND ONLY INSOFAR** as the rights thereunder are necessary or used to (A) own, operate, and maintain such Well, (B) participate in and perform subsequent operations at any time applicable to such Well (including maintenance, repair, workovers, reworks, or extensions (including lateral extensions) of the wellbore of

1

VOL 1322 PG 0001

such Well), or (C) produce, store, and transport Hydrocarbons from the wellbore of such Well (such rights to and under the Leases, collectively, the "**Wellbore Lease Rights**");

(iv)     any units or pooled or communitized lands arising on account of the Leases having been unitized or pooled into such units, pools or communitized lands, and all unitization, pooling or communitization agreements, declarations or designations and statutorily, judicially or administratively created drilling, spacing and/or production units, whether recorded or unrecorded, in each case, **INSOFAR AND ONLY INSOFAR** as necessary or used to (A) own, operate, and maintain such Well, (B) participate in and perform subsequent operations at any time applicable to such Well (including maintenance, repair, workovers, reworks, or extensions (including lateral extensions) of the wellbore of such Well), or (C) produce, store, and transport Hydrocarbons from the wellbore of such Well (such rights to and under the foregoing, collectively, the "**Unit Rights**");

(v)     all tangible personal property, fixtures, and improvements, in each case, **INSOFAR AND ONLY INSOFAR** as necessary for or used in connection with the ownership or operation of, or for the production or transportation of Hydrocarbons from, such Well or the other Wellbore Interests therein (including (i) all wellheads, casing, tubing, pumps, motors, gauges, valves, heaters, treaters, water lines, and vessels and (ii) all flowlines, pipelines, meters, separators, heater treaters, vapor recovery units, tanks, and any other associated equipment), in each case, to the extent the foregoing (A) are located up to, or constitute a part of, the wellhead of such Well or (B) are located between the wellhead of such Well and the outlet valve of the individual gas meter applicable to such Well (for gas) or the outlet valves of the oil tank battery and water tank battery of the facilities applicable to such Well (for oil and water) (collectively, the "**Wellbore Facilities**");

(vi)     all Contracts, in each case, **INSOFAR AND ONLY INSOFAR** as, and then only to the extent, pertaining to (a) the ownership of the Wellbore Interests (including existing joint operating agreements to the extent covering or relating to any of the Wells or Wellbore Lease Rights) or (b) the gathering, treating, storing, transporting, processing, or selling of Hydrocarbons from the Wells (and not to the extent pertaining to the ownership of, or the gathering, treating, storing, transporting, processing, or selling of Hydrocarbons from, any Excluded Assets) (collectively, the "**Applicable Contracts**"); including, to the extent pertaining to the other Wellbore Interests, all Material Contracts and Midstream Contracts listed on Schedule 3.17 of the APA;

(b)     with respect to each Well, (i) an undivided twenty percent (20%) of all of Assignor's legal right, title, and interest (together with and limited to the beneficial ownership, rights, and obligations set forth in Section 1.3 of this Assignment) in and to all tangible personal property, fixtures, and improvements, in each case, **INSOFAR AND ONLY INSOFAR** as necessary for or used in connection with the gathering, treating, storing, transporting, processing, or selling of Hydrocarbons from such Well (including all flowlines, pipelines, meters, and other similar equipment), in each case, to the extent the foregoing are located between the Wellbore Facilities applicable to such Well (for gas) and the locations at which custody to the Hydrocarbons and other production from such Well transfers from Assignor to the respective counterparties pursuant to the applicable gas Marketing Contracts described on Schedule 3.17 of the APA (such locations, the "**Custody Transfer Points**", and the foregoing in this clause (b), collectively, the "**Gathering Facilities**" (which defined term, for clarity, includes all of Assignor's right, title, and interest in and to the foregoing in this clause (b), including both the undivided twenty percent (20%) thereof included within the Wellbore Interests as well as that portion constituting Retained Gathering Facilities) and, together with the Wellbore Facilities, the "**Well Facilities**"), and (ii) the rights to the use of all of the Gathering Facilities (including both the portion constituting Wellbore Interests and the portion constituting Retained Gathering Facilities) as set forth in Section 1.3 below, including the highest priority call on capacity thereon for transportation of Hydrocarbons;

2

(c)     with respect to each Well, a non-exclusive, perpetual, assignable, cost-free license to use all rights-of-way, easements, access or crossing licenses, and permits, in each case, **INSOFAR AND ONLY INSOFAR** as necessary for or used in connection with the ownership, operation or maintenance of, or the production, gathering, treating, storing, transporting, processing, or selling of Hydrocarbons from, such Well (collectively, the "**Applicable Easements**");

(d)     copies (but not the originals) of the Issuer Books and Records (as defined below); and

(e)     all rights, claims, and causes of action (including all rights of indemnity, recovery, set-off or refunds against Third Parties) of Assignor, including rights, claims, and causes of action against Third Parties under Contracts that are not Applicable Contracts, in each case, **INSOFAR AND ONLY INSOFAR** as such rights, claims, or causes of action relate to the Assumed Liabilities or to title to the Wellbore Interests (collectively, the "**Conveyed Claims**").

For the avoidance of doubt, the Wellbore Interests conveyed by this Assignment are the same interests of Assignor that are subject to that certain Precautionary Wellbore Interest Deed of Trust, Mortgage, Assignment of As-Extracted Collateral, Security Agreement, Fixture Filing and Financing Statement from Assignor to Assignee entered into as of April 29, 2022, and recorded as Document No. 2022-01965, at Book 1321, Page 0780, in the County Clerk's Office of Lee County, Texas, which was filed as a precaution in case the conveyance contemplated by this Assignment and the APA is deemed to be a pledge to secure a loan in spite of the express intent of the Parties that the conveyance contemplated herein and in the APA constitute a true and complete sale of the Wellbore Interests as described in this Assignment.

It is the intent of Assignor to convey and this Assignment hereby conveys to Assignee, from and after the Effective Time, the Wellbore Interests, regardless of errors in description, any incorrect or misspelled names, or any mistranscribed or incorrect recording references.

TO HAVE AND TO HOLD, the Wellbore Interests together with all rights, titles, interests, estates, remedies, powers, and privileges thereunto appertaining unto Assignee and its successors and assigns forever, subject, however, to the terms of this Assignment and the APA.

**1.2**    **Reservation of Excluded Assets**. The Wellbore Interests shall not include, and Assignor hereby reserves and retains unto itself, the Excluded Assets.

**1.3**    **Gathering Facilities**.

(a)     Except as otherwise may be agreed by the Parties in writing, the Parties acknowledge and agree that after the Effective Time, each Party will own an undivided interest as a tenant-in-common in the Gathering Facilities. The rights, duties, obligations and liabilities of the Parties will be several and not joint or collective, and nothing contained herein will ever be construed as creating a partnership of any kind, a joint venture, an association, a trust, or as imposing upon any or all of the Parties any partnership or fiduciary duty, obligation or liability. Except as otherwise provided in this Section 1.3, each of Assignor and Assignee will be individually responsible only for its obligations, as set out in this Assignment.

(b)     The Parties acknowledge and agree that Assignor shall have exclusive charge, management, and control of all operations to be conducted on the Gathering Facilities. Notwithstanding the foregoing, the Parties agree as follows:

3

VOL 1322 PG 0003

(i)       Assignee will be entitled to the highest priority call on capacity on the Gathering Facilities for transportation of Hydrocarbons, pursuant to which if conditions dictate that Assignor must shut-in or curtail transportation service, such priority service would be the last classification of service priority to be curtailed after any other level of service, including interruptible service;

(ii)      Assignor shall exercise commercially reasonable efforts to operate the Gathering Facilities (A) as a reasonable and prudent operator and in accordance with prudent industry practice for assets similar to the Gathering Facilities and (B) in compliance with applicable laws;

(iii)     Assignor shall exercise commercially reasonable efforts to enter into contracts and other arrangements for the provision of services to third parties on the Gathering Facilities in accordance with its reasonable business judgment; *provided*, that, Assignor shall enter into all such contracts on an arm's length basis; and

(iv)      Assignor will be solely responsible for preparing filings and tax returns with respect to, reporting, paying and discharging all Asset Taxes attributable to the Gathering Facilities.

(c)       Beginning at the Effective Time and continuing each month thereafter, Assignee shall pay to Assignor in cash Assignee's pro rata share of Operating Expenses with respect to the immediately preceding Month.  Assignor shall determine Assignee's pro rata share of Operating Expenses for a particular month and for each applicable Gathering Facility or portion of the Gathering Facility that is separately metered by allocating the total amount of Operating Expenses incurred by Assignor and its Affiliates for such Gathering Facility or portion thereof between Assignee and all other Persons flowing Hydrocarbons on such Gathering Facility or portion thereof (including Assignor) based on the volumes of Hydrocarbons delivered by Assignee and received into such Gathering Facility or portion thereof during the prior month, relative to the total volumes of Hydrocarbons delivered by all Persons flowing Hydrocarbons into such Gathering Facility or portion thereof (including both Assignor and Assignee) during the prior month.

(d)       Assignor will maintain accurate books and records regarding the determination and accounting of the Operating Expenses in accordance with applicable laws.  Assignor shall prepare and deliver to Assignee a statement setting forth in reasonable detail the calculation of the Operating Expenses and allocation thereof for the prior month.  All amounts due under this Assignment will be paid by wire transfer of immediately available federal funds to the accounts specified in writing (including by email) by Assignor from time to time no later than 30 days after the date for which the statement is received by Assignee.

(e)       Each of the agreements, covenants and conditions contained in this <u>Section 1.3</u> shall be binding on and enforceable by each Party and its successors and assigns and shall be deemed to be covenants running with the land, and will attach to and run with the Gathering Facilities, including the Applicable Easements and all other real property interests appurtenant to and used or held for use, in connection with the Gathering Facilities. Any conveyance by either Party or its respective successors or assigns of all or any of the Gathering Facilities shall be subject to this Assignment and will be burdened by the other Party's rights hereunder, and the transferring Party, its Affiliates and their respective successors and assigns shall cause any such conveyance to be made expressly subject to this Assignment.

**ARTICLE II**
**NO TITLE WARRANTIES; SUBROGATION; DISCLAIMERS**

**2.1      <u>No Title Warranties</u>**. Without limiting any of Assignee's rights under the APA, including its rights under Section 5.11 thereof, **THIS ASSIGNMENT IS MADE WITHOUT ANY WARRANTY OF TITLE**

4

TO THE WELLBORE INTERESTS, EXPRESS OR IMPLIED, AND EACH PARTY HEREBY EXPRESSLY DISCLAIMS, WAIVES AND NEGATES ANY SUCH TITLE WARRANTIES, EXPRESS OR IMPLIED, OF ANY KIND OR NATURE. However, with respect to any Title Failure, if Assignor has defaulted in the timely observance or performance of any obligations of Assignor contained in Section 5.11 of the APA in respect of such Title Failure after notice of such Title Failure has been given to Assignor in accordance with Section 5.11 of the APA, then Assignee will be assigned and subrogated to, and will have the benefit of and the right to enforce, all representations, warranties, and covenants of title which Assignor may have from its Third Party predecessors in interest to the extent applicable with respect to such Title Failure and to the extent Assignor may legally assign such rights and grant such subrogation.

### 2.2   Disclaimers.

(a)   EXCEPT FOR THE EXPRESS AND SPECIFIC REPRESENTATIONS AND WARRANTIES SET FORTH IN ARTICLE 3 OF THE APA, OR IN ANY OTHER BASIC DOCUMENT, OR IN THE EVENT OF ACTUAL FRAUD, (I) ASSIGNEE ACKNOWLEDGES THAT NONE OF ASSIGNOR OR ANY OTHER MEMBER OF SELLER INDEMNITY GROUP HAS MADE, AND ASSIGNOR HEREBY EXPRESSLY DISCLAIMS AND NEGATES (ON ITS BEHALF AND ON BEHALF OF THE OTHER MEMBERS OF SELLER INDEMNITY GROUP), AND ASSIGNEE HEREBY EXPRESSLY WAIVES, ANY REPRESENTATION OR WARRANTY, EXPRESS, IMPLIED, AT COMMON LAW, BY STATUTE, OR OTHERWISE, INCLUDING RELATING TO PRODUCTION RATES, RECOMPLETION OPPORTUNITIES, DECLINE RATES, GAS BALANCING INFORMATION, OR THE QUALITY, QUANTITY, OR VOLUME OF THE RESERVES OF HYDROCARBONS, IF ANY, ATTRIBUTABLE TO THE WELLBORE INTERESTS, OR THE ACCURACY, COMPLETENESS, OR MATERIALITY OF ANY ISSUER BOOKS AND RECORDS, OR OTHER RECORDS, INFORMATION, DATA, OR MATERIALS (WRITTEN OR ORAL) NOW, HERETOFORE OR HEREAFTER FURNISHED TO ANY MEMBER OF ISSUER INDEMNITY GROUP BY OR ON BEHALF OF ANY MEMBER OF SELLER INDEMNITY GROUP, OR THE ENVIRONMENTAL OR OTHER CONDITION OF THE WELLBORE INTERESTS, AND (II) ASSIGNOR EXPRESSLY DISCLAIMS AND NEGATES (ON ITS BEHALF AND ON BEHALF OF THE OTHER MEMBERS OF SELLER INDEMNITY GROUP), AND ASSIGNEE HEREBY EXPRESSLY WAIVES, ANY AND ALL LIABILITY AND RESPONSIBILITY OF ANY MEMBER OF SELLER INDEMNITY GROUP FOR ANY REPRESENTATION, WARRANTY, STATEMENT, OR INFORMATION MADE OR COMMUNICATED (ORALLY OR IN WRITING) TO ASSIGNEE OR ANY MEMBER OF ISSUER INDEMNITY GROUP (INCLUDING ANY OPINION, INFORMATION, PROJECTION, OR ADVICE THAT MAY HAVE BEEN PROVIDED TO ANY SUCH PERSON BY ASSIGNOR OR ANY OTHER MEMBER OF SELLER INDEMNITY GROUP).

(b)   EXCEPT FOR THE EXPRESS AND SPECIFIC REPRESENTATIONS AND WARRANTIES SET FORTH IN ARTICLE 3 OF THE APA, OR IN ANY OTHER BASIC DOCUMENT, OR IN THE EVENT OF ACTUAL FRAUD, AND WITHOUT LIMITING THE GENERALITY OF THE FOREGOING, ASSIGNOR EXPRESSLY DISCLAIMS AND NEGATES, AND ASSIGNEE HEREBY WAIVES, ANY REPRESENTATION OR WARRANTY, EXPRESS, IMPLIED, AT COMMON LAW, BY STATUTE, OR OTHERWISE, AS TO ANY OF THE FOLLOWING: (I) THE CONTENTS, CHARACTER, ACCURACY, COMPLETENESS, OR MATERIALITY OF RECORDS, INFORMATION, DATA, OR OTHER MATERIALS (WRITTEN OR ORAL) NOW, HERETOFORE OR HEREAFTER FURNISHED TO ASSIGNEE OR ANY MEMBER OF ISSUER INDEMNITY GROUP BY OR ON BEHALF OF ANY MEMBER OF SELLER INDEMNITY GROUP, INCLUDING ANY INFORMATION MEMORANDUM, REPORTS, BROCHURES, CHARTS OR STATEMENTS PREPARED BY ANY MEMBER OF SELLER INDEMNITY GROUP OR ANY THIRD PARTY WITH RESPECT TO THE WELLBORE INTERESTS; (II) THE CONTENTS, CHARACTER, OR NATURE OF ANY REPORT OF ANY PETROLEUM ENGINEERING CONSULTANT, OR ANY ENGINEERING, GEOLOGICAL, OR SEISMIC DATA OR INTERPRETATION, RELATING TO THE WELLBORE INTERESTS; (III) ANY ESTIMATES OF THE VALUE OF, OR FUTURE REVENUES GENERATED BY, THE WELLBORE INTERESTS; (IV) PRODUCTION RATES, RECOMPLETION OPPORTUNITIES, DECLINE RATES, GAS BALANCING INFORMATION, OR THE QUALITY, QUANTITY, VOLUME, OR RECOVERABILITY OF THE RESERVES OF HYDROCARBONS, IF ANY, ATTRIBUTABLE TO

5

VOL I 322 PG 0005

THE WELLBORE INTERESTS; (V) TITLE TO ANY OF THE WELLBORE INTERESTS; (VI) MAINTENANCE, REPAIR, CONDITION, QUALITY, SUITABILITY, MARKETABILITY, MERCHANTABILITY, OR FITNESS FOR A PARTICULAR PURPOSE OF THE WELLBORE INTERESTS; (VII) ANY RIGHTS OF PURCHASERS UNDER APPROPRIATE STATUTES TO CLAIM DIMINUTION OF CONSIDERATION OR RETURN OF THE PURCHASE PRICE; (VIII) ANY IMPLIED OR EXPRESS WARRANTY OF FREEDOM FROM DEFECTS, WHETHER KNOWN OR UNKNOWN; (IX) ANY IMPLIED WARRANTIES EXISTING UNDER APPLICABLE LEGAL REQUIREMENTS; (X) ANY IMPLIED OR EXPRESS WARRANTY OF FREEDOM FROM PATENT OR TRADEMARK INFRINGEMENT; AND (XI) THE ENVIRONMENTAL OR OTHER CONDITION OF THE WELLBORE INTERESTS, INCLUDING ANY IMPLIED OR EXPRESS WARRANTY REGARDING ENVIRONMENTAL LAWS, THE RELEASE OF HAZARDOUS SUBSTANCES INTO THE ENVIRONMENT, OR PROTECTION OF THE ENVIRONMENT OR OF HUMAN HEALTH, SAFETY, OR NATURAL RESOURCES. IT IS THE EXPRESS INTENTION OF ASSIGNEE AND ASSIGNOR THAT, EXCEPT FOR THE EXPRESS AND SPECIFIC REPRESENTATIONS AND WARRANTIES SET FORTH IN ARTICLE 3 OF THE APA, OR IN ANY OTHER BASIC DOCUMENT, AND SUBJECT TO AND WITHOUT LIMITING ASSIGNEE'S RIGHTS UNDER  RIGHTS UNDER SECTION 5.02 AND SECTION 5.11 OF THE APA, THE WELLBORE INTERESTS ARE BEING ACCEPTED BY ASSIGNEE, "AS IS" AND "WHERE IS" AND WITH ALL FAULTS AND DEFECTS (KNOWN OR UNKNOWN, PATENT OR LATENT, DISCOVERABLE OR UNDISCOVERABLE) AND IN THEIR PRESENT CONDITION AND STATE OF REPAIR, AND ASSIGNEE HAS MADE ANY AND ALL SUCH INSPECTIONS AS ASSIGNEE DEEMS APPROPRIATE.

(c)     ASSIGNEE ACKNOWLEDGES THAT THE WELLBORE INTERESTS HAVE BEEN USED FOR EXPLORATION, DEVELOPMENT, AND PRODUCTION OF HYDROCARBONS AND THAT EQUIPMENT AND SITES INCLUDED IN THE WELLBORE INTERESTS MAY CONTAIN NATURALLY OCCURRING RADIOACTIVE MATERIAL, RADON AND ASBESTOS ("NORM") OR OTHER HAZARDOUS SUBSTANCES. NORM MAY AFFIX OR ATTACH ITSELF TO THE INSIDE OF WELLS, MATERIALS, AND EQUIPMENT AS SCALE, OR IN OTHER FORMS. THE WELLS, MATERIALS, AND EQUIPMENT LOCATED ON THE WELLBORE INTERESTS OR INCLUDED IN THE WELLBORE INTERESTS MAY CONTAIN NORM AND OTHER WASTES OR HAZARDOUS SUBSTANCES.  NORM CONTAINING MATERIAL AND/OR OTHER WASTES OR HAZARDOUS SUBSTANCES MAY HAVE COME IN CONTACT WITH VARIOUS ENVIRONMENTAL MEDIA, INCLUDING AIR, WATER, SOILS, OR SEDIMENT. SPECIAL PROCEDURES MAY BE REQUIRED FOR THE ASSESSMENT, REMEDIATION, REMOVAL, TRANSPORTATION, OR DISPOSAL OF ENVIRONMENTAL MEDIA, WASTES, ASBESTOS, NORM, AND OTHER HAZARDOUS SUBSTANCES FROM THE WELLBORE INTERESTS.

(d)     THE PARTIES AGREE THAT, TO THE EXTENT REQUIRED BY APPLICABLE LEGAL REQUIREMENT TO BE EFFECTIVE, THE DISCLAIMERS OF CERTAIN REPRESENTATIONS AND WARRANTIES CONTAINED IN THIS SECTION 2.2 ARE "CONSPICUOUS" DISCLAIMERS FOR THE PURPOSE OF ANY APPLICABLE LEGAL REQUIREMENT.

## ARTICLE III
## ASSUMPTION

3.1     **Assignee Assumption**. Subject to and without limiting Assignee's rights under Section 5.02 and Section 5.11 of the APA, Assignee assumes and hereby agrees to pay and discharge all of the Assumed Liabilities.

VOL I 3 2 2 PG 0 0 0 6

# ARTICLE IV
## ADDITIONAL DEFINITIONS

The following terms, as used herein, shall have the meanings set forth below:

"**Affiliate**" (including its derivatives and similar terms) means, when used with respect to any Person, any other Person that, directly or indirectly, through one or more intermediaries, Controls, is Controlled by, or is under common Control with, such Person. For purposes of this Agreement, (a) Assignor and the Subsidiary are Affiliates of one another, (b) solely for purposes of this Assignment and the other applicable Basic Documents (and notwithstanding that such entities are not affiliates in fact of one another), Operator shall be deemed to be an Affiliate of Assignor, and (c) Assignor and its subsidiaries (including the Subsidiary), on the one hand, and Assignee and its subsidiaries, on the other hand, shall not be considered Affiliates of one another.

"**Asset Taxes**" means ad valorem, property, excise, severance, production, sales, use, impact and similar taxes based upon or measured by the ownership or operation of the Gathering Facilities, but excluding, for the avoidance of doubt, income taxes and transfer taxes.

"**Excluded Assets**" has the meaning set forth on Exhibit B.

"**Governmental Body**" means any (a) nation, state, county, city, town, village, district, or other jurisdiction of any nature; (b) federal, state, local, municipal, foreign, tribal or other government; (c) governmental, quasi-governmental, regulatory or administrative authority of any nature (including any governmental agency, branch, department, official, or entity and any court or other tribunal); (d) multi-national organization or body; (e) arbitral panel, commission, body or other authority exercising, or entitled to exercise, any administrative, executive, judicial, legislative, police, regulatory or taxing authority or power of any nature; or (f) any court or governmental tribunal, including any tribal authority having or asserting jurisdiction.

"**Hydrocarbons**" means oil, gas, carbon dioxide and other hydrocarbons produced or processed in association therewith (whether or not such item is in liquid or gaseous form), including all crude oils, condensates and natural gas liquids at atmospheric pressure and all gaseous hydrocarbons (including wet gas, dry gas and residue gas) or any combination thereof, and any minerals produced in association therewith.

"**Issuer Books and Records**" means, **INSOFAR AND ONLY INSOFAR** as relating to the Wellbore Interests, the following: all lease files; land files, including unrecorded agreements related thereto; well files; division order files; abstracts; title opinions; land surveys; logs; maps; and other books, records, data, files, and accounting records; but, in each case, excluding any and all (a) books, records, data, files, maps, and accounting records to the extent disclosure or transfer is restricted or prohibited by third-party agreement or applicable Legal Requirements, (b) attorney-client privileged communications and work product of Assignor's legal counsel (other than title opinions), (c) reserve studies and evaluations, and (d) records relating to the negotiation and consummation of the acquisition of the Wellbore Interests pursuant to the APA.

"**Leases**" means all oil and gas leases, subleases, mineral fees, leaseholds, and other similar interests of Assignor covering or contributing to Assignor's interest in any Well, including all interests set forth on Exhibit A-2 and all of Assignor's applicable working interests, leasehold interests, overriding royalty interests, royalty interests, net profits interests, carried interests, and similar rights and interests in the lands covered by such leases and the lands pooled, unitized, or communitized with the lands covered by such leases.

"**Legal Requirement**" means any federal, state, local, municipal, foreign, international, multinational or other law (including common law), Order, code, constitution, ordinance, rule (including rules of common law), regulation, statute, treaty (including any income tax treaty), license, permit, authorization, approval, consent, decree, injunction, binding judicial or administrative interpretation or other legally enforceable directive or requirement, in each case, enacted, promulgated, issued or entered by a Governmental Body.

"**Midstream Contracts**" means each Contract that is (A) for the gathering, treatment, storage, transportation or processing of Hydrocarbons produced from the Wellbore Interests or (B) for the sale, purchase, exchange, or other disposition of Hydrocarbons produced from the Wellbore Interests, in each case at or downstream of the applicable Custody Transfer Points (whether or not set forth on Schedule 3.17 of the APA).

"**Operator**" means Ironroc Energy Partners, LLC, a Texas limited liability company, in its capacity as operator under the Joint Operating Agreement.

"**Operating Expenses**" means, without duplication, all (i) operating expenses and capital expenditures to the extent attributable to the operation, ownership, maintenance, or repair of the Gathering Facilities during the period from and after the Effective Time until the Closing Date and incurred in the ordinary course and not as a result of any failure by Assignor or its Affiliates to comply with the standards set forth in applicable operating agreements, (ii) costs and expenses attributable to the operation, ownership, maintenance, and/or repair of the Gathering Facilities to the extent incurred during or attributable to the period from and after the Closing Date, (iii) Asset Taxes relating to the Gathering Facilities, and (iii) other Liabilities, Damages, and obligations incurred during or otherwise attributable to the period from and after the Closing Date and that are related or attributable to the operation or ownership of the Gathering Facilities.

"**Order**" means any award, decision, injunction, judgment, order, ruling, subpoena, or verdict entered, issued, made, or rendered by any court, administrative agency, or other Governmental Body or by any arbitrator.

"**Person**" means any individual, corporation (including any non-profit corporation), general or limited partnership, limited liability company, joint venture, unincorporated organization, limited liability entity, estate, trust, association, organization, labor union, or other entity or Governmental Body.

"**Subsidiary**" means AIP Borrower, LP, a Delaware limited partnership.

"**Third Party**" shall mean any Person other than the Parties or their respective Affiliates.

## ARTICLE V
## MISCELLANEOUS

     **5.1**    **Subject to APA.** This Assignment is subject to and delivered under the terms and conditions of the APA. If any provision of this Assignment is construed to conflict with any provision of the APA, the provisions of the APA shall be deemed controlling to the extent of that conflict; *provided*, *however*, that Third Parties may conclusively rely on this Assignment to vest title to the Wellbore Interests in Assignee. The execution and delivery of this Assignment shall not operate to release or impair any surviving rights or obligations of any Party under the APA. The APA survives execution and delivery of this Assignment and there is no merger of the APA with and into this Assignment.

     **5.2**    **Separate Assignments.** Where separate assignments of the Wellbore Interests have been or will be executed for filing in other recording jurisdictions or counties, any such separate assignments

(a) shall evidence this Assignment and the assignment of the Wellbore Interests herein made, and shall not constitute any duplication of the assignment of any Wellbore Interests, (b) are not intended to modify, and shall not modify, any of the terms, covenants and conditions, or limitations on warranties set forth in this Assignment or in the APA, and (c) shall be deemed to contain all of the terms and provisions of this Assignment, as fully and to all intents and purposes as though the same were set forth at length in such separate assignments.

  **5.3**  <u>Recordation.</u> To facilitate the recording or filing of this Assignment, the counterpart to be recorded in a given county may contain only that portion of the exhibits that describe Wellbore Interests located in that county.

  **5.4**  <u>Exhibits.</u> Exhibits attached to this Assignment constitute a part of this Assignment. The lessors and/or lessees named in the exhibits to this Assignment may be historic parties in the leasehold chain of title, and, in some cases, said parties may not be the current lessor and/or lessee of the applicable Lease.

  **5.5**  <u>Entire Agreement and Modification.</u> This Assignment supersedes all prior discussions, communications, and agreements (whether written or oral) between the Parties with respect to its subject matter and constitutes (along with the APA and other Basic Documents) a complete and exclusive statement of the terms of the agreement between the Parties with respect to its subject matter. This Assignment may not be amended or otherwise modified except by a written agreement executed by both Parties and the Majority Noteholders.

  **5.6**  <u>Waiver.</u> Neither the failure nor any delay by either Party in exercising any right, power, or privilege under this Assignment shall operate as a waiver of such right, power, or privilege, and no single or partial exercise of any such right, power, or privilege shall preclude any other or further exercise of such right, power, or privilege or the exercise of any other right, power, or privilege. To the maximum extent permitted by applicable Legal Requirements, (a) no claim or right arising out of this Assignment can be discharged by one Party, in whole or in part, by a waiver or renunciation of the claim or right unless in writing signed by the other Party; (b) no waiver that may be given by a Party shall be applicable except in the specific instance for which it is given; and (c) no notice to or demand on one Party shall be deemed to be a waiver of any obligation of such Party or of the right of the Party giving such notice or demand to take further action without notice or demand.

  **5.7**  <u>Governing Law</u>. This Assignment and any claim or cause of action (whether based in statute, tort, contract or otherwise) based upon or arising under this Assignment or any of the Closing Documents, based upon or arising in connection with any dealings between the Parties relating to the subject matter of this Assignment or the negotiation or performance of this Assignment, or otherwise relating to the transactions contemplated by this Assignment ("**Covered Claims**") shall be governed by the internal laws of the State of Texas, including its statutes of limitations, without regard to any borrowing statute that would result in the application of the statute of limitations of any other jurisdiction, provided that any matter that relates to real property the legal effect of which as related to such real property is dependent on the substantive laws of the State where such real property is located or other jurisdiction having authority over such matter as related to such real property shall be governed by the substantive laws of the State where such real property is located or such other jurisdiction having authority over such matter as related to such real property, as applicable.

  **5.8**  <u>Jurisdiction; Service of Process</u>. EACH PARTY TO THIS ASSIGNMENT HEREBY SUBMITS FOR ITSELF AND ITS PROPERTY IN ANY LEGAL ACTION OR PROCEEDING RELATING TO THIS ASSIGNMENT, OR FOR RECOGNITION AND ENFORCEMENT OF ANY JUDGMENT IN RESPECT THEREOF, TO THE EXCLUSIVE GENERAL JURISDICTION OF THE

COURTS OF THE STATE OF NEW YORK SITTING IN NEW YORK COUNTY, THE COURTS OF THE UNITED STATES FOR THE SOUTHERN DISTRICT OF NEW YORK, AND APPELLATE COURTS FROM ANY THEREOF. EACH PARTY (I) CONSENTS TO SUBMIT ITSELF TO THE PERSONAL JURISDICTION OF SUCH COURTS FOR SUCH COVERED CLAIMS, (II) AGREES THAT IT WILL NOT ATTEMPT TO DENY OR DEFEAT SUCH PERSONAL JURISDICTION BY MOTION OR OTHER REQUEST FOR LEAVE FROM ANY SUCH COURT, AND (III) AGREES THAT IT WILL NOT BRING ANY COVERED CLAIM IN ANY COURT OTHER THAN SUCH COURTS. EACH PARTY ACCEPTS FOR ITSELF AND IN CONNECTION WITH ITS PROPERTIES, GENERALLY AND UNCONDITIONALLY, THE EXCLUSIVE AND IRREVOCABLE JURISDICTION AND VENUE OF THE AFORESAID COURTS AND WAIVES ANY DEFENSE OF FORUM NON CONVENIENS, AND IRREVOCABLY AGREES TO BE BOUND BY ANY NON-APPEALABLE JUDGMENT RENDERED THEREBY, IN EACH CASE, IN CONNECTION WITH SUCH COVERED CLAIMS. A COPY OF ANY SERVICE OF PROCESS SERVED UPON THE PARTIES IN CONNECTION WITH A COVERED CLAIM SHALL BE MAILED BY REGISTERED MAIL TO THE RESPECTIVE PARTY EXCEPT THAT, UNLESS OTHERWISE PROVIDED BY APPLICABLE LEGAL REQUIREMENTS, ANY FAILURE TO MAIL SUCH COPY SHALL NOT AFFECT THE VALIDITY OF SERVICE OF PROCESS. IF ANY AGENT APPOINTED BY A PARTY REFUSES TO ACCEPT SERVICE, EACH PARTY AGREES THAT SERVICE UPON THE APPROPRIATE PARTY BY REGISTERED MAIL SHALL CONSTITUTE SUFFICIENT SERVICE. NOTHING HEREIN SHALL AFFECT THE RIGHT OF A PARTY TO SERVE PROCESS IN ANY OTHER MANNER PERMITTED BY LEGAL REQUIREMENTS.

**5.9** **Waiver of Jury Trial.** EACH OF THE PARTIES HERETO HEREBY WAIVES AND AGREES TO WAIVE ITS RESPECTIVE RIGHTS TO A JURY TRIAL WITH RESPECT TO COVERED CLAIMS. THE SCOPE OF THIS WAIVER IS INTENDED TO BE ALL-ENCOMPASSING OF ANY AND ALL DISPUTES THAT MAY BE FILED IN ANY COURT AND THAT RELATE TO THE SUBJECT MATTER OF THE TRANSACTIONS UNDER THIS ASSIGNMENT AND THE OTHER CLOSING DOCUMENTS.

**5.10** **Severability.** If any provision of this Assignment is held invalid or unenforceable by any court of competent jurisdiction, the other provisions of this Assignment shall remain in full force and effect. Any provision of this Assignment held invalid or unenforceable only in part or degree shall remain in full force and effect to the extent not held invalid or unenforceable.

**5.11** **Successors and Assigns**. This Assignment shall apply to, be binding in all respects upon, and inure to the benefit of the successors and assigns of the Parties.

**5.12** **Further Assurances.** The Parties agree (a) to furnish upon request to each other such further information, (b) to execute, acknowledge, and deliver to each other such other documents, and (c) to do such other acts and things, all as the other Party may reasonably request and which are reasonably necessary for the purpose of carrying out the intent of this Assignment and the APA.

**5.13** **Counterparts**. This Assignment may be executed and delivered (including by facsimile or electronic transmission) in one or more counterparts, each of which shall be deemed to be an original copy of this Assignment, and each of which may be executed by less than all of the Parties, and shall be enforceable and effective against the Parties actually executing such counterparts, and all of which, when taken together, shall be deemed to constitute one and the same instrument. Delivery of an executed counterpart signature page by facsimile, email, or other means of electronic transmission is as effective as executing and delivering this Assignment in the presence of the other Party to this Assignment.

VOL I 3 2 2 PG 0 0 I 0

**5.14**   <u>**References and Rules of Construction**</u>.  All references in this Assignment to Exhibits, Schedules, Annexes, Articles, Sections, subsections and other subdivisions refer to the corresponding Exhibits, Schedules, Annexes, Articles, Sections, subsections and other subdivisions of or to this Assignment unless expressly provided otherwise. Titles appearing at the beginning of any Articles, Sections, subsections and other subdivisions of this Assignment are for convenience only, do not constitute any part of this Assignment, and shall be disregarded in construing the language hereof. The words "this Assignment," "herein," "hereby," "hereunder" and "hereof," and words of similar import, refer to this Assignment as a whole and not to any particular Article, Section, subsection or other subdivision unless expressly so limited. The words "this Article," "this Section" and "this subsection," and words of similar import, refer only to Article, Section or subsection hereof in which such words occur. The word "including" (in its various forms) means "including without limitation."  Each accounting term not defined herein will have the meaning given to it under GAAP, as in effect on the date of this Assignment. The word "or" is not exclusive and shall have the same meaning as "and/or" unless the context requires otherwise. Pronouns in masculine, feminine or neuter genders shall be construed to state and include any other gender, and words, terms and titles (including terms defined herein) in the singular form shall be construed to include the plural and vice versa, unless the context otherwise requires. Unless expressly stated otherwise, references to any Legal Requirement, Contract, or Lease shall mean such Legal Requirement, Contract, or Lease as it may be amended from time to time.

*[Signature pages follow]*

VOL 1322 PG 0011

This Assignment has been executed by the Parties as of the date of their respective acknowledgements below, but is effective for all purposes as of the Effective Time.

**ASSIGNOR:**

**HB2 ORIGINATION, LLC,**
a Delaware limited liability company

By: _____
Name: Craig Perry
Title:   President and Chief Executive Officer

## ACKNOWLEDGMENT

STATE OF *TENNESSEE*

COUNTY OF *DAVIDSON*.

I, the undersigned, a notary public of the said county, do hereby certify that on this 21 day of April, 2022, before me personally appeared Craig Perry, who acknowledged himself to be the President and Chief Executive Officer of HB2 ORIGINATION, LLC, and that he as such President and Chief Executive Officer, being so authorized to do so, executed the foregoing instrument for the purposes therein contained, by signing the name of the limited liability company by himself as President and Chief Executive Officer of said limited liability company.

IN WITNESS WHEREOF, I hereunto set my hand and official seal.

_____
Notary Public

My commission expires: 11-3-2025 .
(Notarial Seal)



SIGNATURE AND ACKNOWLEDGEMENT PAGE TO THE WELLBORE ASSIGNMENT AND BILL OF SALE

VOL I 322 PG 0012

This Assignment has been executed by the Parties as of the date of their respective acknowledgements below, but is effective for all purposes as of the Effective Time.

**ASSIGNEE:**

**ALPINE SUMMIT FUNDING LLC,**
a Delaware limited liability company

By: _____
Name: Craig Perry
Title:   President and Chief Executive Officer

## ACKNOWLEDGMENT

STATE OF *TENNESSEE*

COUNTY OF *DAVIDSON*

I, the undersigned, a notary public of the said county, do hereby certify that on this 24 day of April, 2022, before me personally appeared Craig Perry, who acknowledged himself to be the President and Chief Executive Officer of ALPINE SUMMIT FUNDING LLC, and that he as such President and Chief Executive Officer, being so authorized to do so, executed the foregoing instrument for the purposes therein contained, by signing the name of the limited liability company by himself as President and Chief Executive Officer of said limited liability company.

IN WITNESS WHEREOF, I hereunto set my hand and official seal.

_____
Notary Public

My commission expires: *11-3-2025*
(Notarial Seal)

SIGNATURE AND ACKNOWLEDGEMENT PAGE TO THE WELLBORE ASSIGNMENT AND BILL OF SALE

VOL **1322** PG **0013**

## EXHIBIT A-1

ATTACHED TO AND MADE A PART OF THAT CERTAIN WELLBORE ASSIGNMENT AND BILL OF SALE FROM
HB2 ORIGINATION, LLC TO ALPINE SUMMIT FUNDING LLC
DATED EFFECTIVE AS OF APRIL 1, 2022

## WELLS

[See attached.]

EXHIBIT A-1

VOL 1 3 2 2 PG 0 0 1 4

**EXHIBIT A-1**

ATTACHED TO AND MADE A PART OF THAT CERTAIN WELLBORE ASSIGNMENT AND BILL OF SALE FROM
HB2 ORIGINATION, LLC TO ALPINE SUMMIT FUNDING LLC
DATED EFFECTIVE AS OF APRIL 1, 2022

**WELLS**

**Part I:  HB2 Origination, LLC Legacy Wells**

| Well Name | Well # | API Number | County | State |
|---|---|---|---|---|
| Swedish Chef | 1H | 42-477-30727 | Washington | Texas |
| Swedish Chef | 2H | 42-477-31150 | Washington | Texas |
| Swedish Chef | 3H | 42-477-31151 | Washington | Texas |
| Swedish Chef | 4H | 42-477-31178 | Washington | Texas |
| Grover | 1H | 42-477-31162 | Washington & Lee | Texas |
| Animal | 1H | 42-287-32758 | Lee | Texas |
| Stella Mae | 2H | 42-149-33525 | Fayette | Texas |
| Stella Mae | 3H | 42-149-33526 | Fayette | Texas |
| Constantine | 2H | 42-149-33521 | Fayette & Washington | Texas |

**Part II:  AIP Borrower, LP Legacy Wells**

| Well Name | Well # | API Number | County | State |
|---|---|---|---|---|
| Gonzo | 1H | 42-287-32747 | Lee & Fayette | Texas |
| Gonzo | 2H | 42-287-32748 | Lee & Fayette | Texas |
| Beaker B | 2H | 42-287-32740 | Lee | Texas |
| Beaker B | 3H | 42-287-32741 | Lee | Texas |
| Gonzo | 3H | 42-149-33498 | Fayette | Texas |
| Gonzo B | 4H | 42-149-33499 | Fayette | Texas |
| Gonzo B | 5H | 42-149-33500 | Fayette | Texas |
| Constantine | 1H | 42-149-33502 | Fayette & Washington | Texas |
| Huebner-Klaus A.C. Gas Unit No. 1 | 1H | 42-015-31065 | Austin | Texas |

**EXHIBIT A-2**

ATTACHED TO AND MADE A PART OF THAT CERTAIN WELLBORE ASSIGNMENT AND BILL OF SALE FROM
HB2 ORIGINATION, LLC TO ALPINE SUMMIT FUNDING LLC
DATED EFFECTIVE AS OF APRIL 1, 2022

**LEASES**

[See attached.]

EXHIBIT A-2

VOL 1 3 2 2 PG 0 0 1 b

# EXHIBIT A-2

ATTACHED TO AND MADE A PART OF THAT CERTAIN WELLBORE ASSIGNMENT AND BILL OF SALE
FROM HB2 ORIGINATION, LLC TO ALPINE SUMMIT FUNDING LLC DATED EFFECTIVE AS OF APRIL 1, 2022

## LEASES

### Part 1: HB2 Origination, LLC Legacy Leases

**Constantine 2H Leases**

Recorded in the Official Records of Fayette County, Texas:

| Lessor | Lessee | Lease Date | Book # | Page # |
|---|---|---|---|---|
| Christine Dyer Jervis, et al. | Taylor Land & Mineral & Mineral Services, Inc. | 8/28/2018 | 1878 | 451 |
| Union Pacific Railroad Company | Paleo Oil Company LLC | 10/1/2018 | 1878 | 433 |
| Carolyn Keng, et al. | Taylor Land & Mineral & Mineral Services, Inc. | 9/10/2018 | 1876 | 575 |
| Casey Ann Smith, et al. | Taylor Land & Mineral & Mineral Services, Inc. | 9/10/2018 | 1876 | 577 |
| Texas Osage Royalty Pool, Inc. | Paleo Oil Company LLC | 8/15/2018 | 1876 | 459 |
| Jetta-X2, LP | Paleo Oil Company LLC | 11/1/2018 | 1879 | 773 |
| Carolyn Keng | Taylor Land & Mineral & Mineral Services, Inc. | 9/10/2018 | 1882 | 734 |
| Casey Ann Smith, et al. | Taylor Land & Mineral & Mineral Services, Inc. | 9/10/2018 | 1882 | 736 |
| Larry L. Woytek and wife, Becky Woytek | Taylor Land & Mineral & Mineral Services, Inc. | 9/20/2018 | 1882 | 740 |
| Jason R. Adams | Taylor Land & Mineral & Mineral Services, Inc. | 10/24/2019 | 1924 | 414 |
| Jena Adams Tally | Taylor Land & Mineral & Mineral Services, Inc. | 10/24/2019 | 1924 | 413 |
| David Schulz | Taylor Land & Mineral & Mineral Services, Inc. | 11/12/2019 | 1924 | 410 |
| Devon Energy Production Company, L.P. | Matrix Revolution, LLC | 1/31/2019 | 1890 | 620 |
| State of Texas (MF120226) | Paleo Oil Company LLC | 1/21/2020 | 1929 | 886 |
| Betty C. Cook | Taylor Land & Mineral Services | 5/23/2020 | 1946 | 808 |

Exhibit A-2 – Page **1** of **12**

**Stella Mae 2H and 3H Leases**

Recorded in the Official Records of Fayette County, Texas:

| Lessor | Lessee | Lease Date | Book # | Page # |
|---|---|---|---|---|
| Kenneth Dorbandt | Leexus Oil LLC | 3/1/2009 | 1485 | 723 |
| Steve Franks | Leexus Oil LLC | 2/26/2009 | 1485 | 724 |
| Bill Morgan | Leexus Oil LLC | 2/24/2009 | 1485 | 725 |
| Carol Morgan | Leexus Oil LLC | 2/24/2009 | 1485 | 726 |
| Leann Melissa Morgan | Leexus Oil LLC | 2/19/2009 | 1485 | 727 |
| Lori Lee Morgan | Leexus Oil LLC | 2/19/2009 | 1485 | 728 |
| Lyndon Frank Morgan | Leexus Oil LLC | 2/23/2009 | 1485 | 729 |
| Malinda L. Morgan | Leexus Oil LLC | 2/18/2009 | 1485 | 730 |
| Edward Robinson | Leexus Oil LLC | 3/4/2009 | 1485 | 731 |
| Rudy Scheel | Leexus Oil LLC | 2/23/2009 | 1496 | 282 |
| Arnold Schultz, Jr. | Leexus Oil LLC | 3/6/2009 | 1485 | 732 |
| Dale Schultz and wife, Martha Schultz | Leexus Oil LLC | 11/7/2008 | 1485 | 733 |
| Garry Carlton Schultz | Leexus Oil LLC | 3/11/2009 | 1485 | 734 |
| Larry Guy Schultz | Leexus Oil LLC | 1/7/2009 | 1485 | 735 |
| Leland B. Schultz | Leexus Oil LLC | 11/12/2008 | 1485 | 736 |
| Lyndon F. Schultz | Leexus Oil LLC | 3/2/2009 | 1485 | 737 |
| Melton Schultz | Leexus Oil LLC | 3/16/2009 | 1485 | 738 |
| Norman Schultz | Leexus Oil LLC | 2/17/2009 | 1485 | 739 |
| Paul Schultz | Leexus Oil LLC | 1/22/2009 | 1485 | 740 |
| Preston H. Schultz | Leexus Oil LLC | 11/20/2008 | 1487 | 728 |
| William Schultz | Leexus Oil LLC | 4/3/2009 | 1485 | 741 |
| Lana Morgan Silva | Leexus Oil LLC | 2/18/2009 | 1485 | 742 |
| Lorie Schultz Sommermeyer | Leexus Oil LLC | 11/17/2008 | 1487 | 729 |
| Nancy F. Thetford | Leexus Oil LLC | 1/5/2009 | 1485 | 743 |
| Frank C. Shelden and wife Millicent Brown Shelden | County, Management, Inc. | 7/25/1979 | 134 | 384 |

Exhibit A-2 – Page **2** of **12**

**Animal 1H Leases**

Recorded in the Official Records of Lee County, Texas:

| Lessor | Lessee | Lease Date | Book # | Page # |
|---|---|---|---|---|
| Gladys Marie Prine | Ironrock Webb Energy Group, LLC | 9/30/2019 | 1260 | 372 |
| Pearly Louise Watts Els | Ironrock Webb Energy Group, LLC | 9/30/2019 | 1260 | 370 |
| Linda Ruth West Stork | Ironrock Webb Energy Group, LLC | 9/30/2019 | 1260 | 368 |
| David Westley Stork | Ironrock Webb Energy Group, LLC | 9/30/2019 | 1260 | 364 |
| Amy Kate Stork | Ironrock Webb Energy Group, LLC | 9/30/2019 | 1260 | 366 |
| Janet Simmang | Ironrock Webb Energy Group, LLC | 9/5/2019 | 1260 | 362 |
| Shawna Hall Salas | Ironrock Webb Energy Group, LLC | 10/11/2019 | 1260 | 374 |
| Patrick Creppel | Ironrock Webb Energy Group, LLC | 9/5/2019 | 1260 | 360 |
| Timothy Christopher Hall | Ironrock Webb Energy Group, LLC | 10/11/2019 | 1260 | 376 |
| Nikki L. Alston and Kenneth W. Alston | Prominence Oil & Gas, LLC | 6/20/2021 | 1301 | 313 |
| Ronald Thomas Hall | Prominence Oil & Gas, LLC | 6/15/2021 | 1302 | 684 |

**Swedish Chef Unit Leases**

Recorded in the Official Records of Washington County, Texas:

| Lessor | Lessee | Lease Date | Book # | Page # |
|---|---|---|---|---|
| Virginia Fischer, et al | Fort Trinidad Investors, LLC | 4/1/2018 | 1638 | 025 |
| Virginia Fischer, et al | Fort Trinidad Investors, LLC | 4/1/2018 | 1655 | 512 |
| William Charles Merten, et ux | Texian Mineral & Royalty, LLC | 8/2/2018 | 1643 | 094 |
| Mary Beth Merten Jewell, et vir | Texian Mineral & Royalty, LLC | 6/6/2018 | 1638 | 197 |
| Darrell & Rebecca Plagens | Texian Mineral & Royalty, LLC | 6/20/2018 | 1637 | 282 |
| Jerry H. Merten, et ux | Texian Mineral & Royalty, LLC | 6/19/2018 | 1637 | 278 |
| Rebecca Ann Plagens, et al | Texian Mineral & Royalty, LLC | 9/6/2018 | 1645 | 661 |
| Barry Lee Goldberg, et ux | Texian Mineral & Royalty, LLC | 6/20/2018 | 1637 | 276 |
| Nora Lee Goldberg | Texian Mineral & Royalty, LLC | 6/23/2018 | 1637 | 280 |
| State of Texas (MF095755) | Texian Mineral & Royalty, LLC | 11/19/2019 | 1703 | 380 |

Exhibit A-2 – Page **3** of **12**

VOL I 3 2 2 PG 0 0 I 9

**Grover Unit Leases**

Recorded in the Official Records of Washington County, Texas:

| Lessor | Lessee | Lease Date | Book # | Page # |
|---|---|---|---|---|
| Ross Lee Barrington and wife, Teri Linn Barrington | Matrix Revolution, LLC | 02/23/21 | 1772 | 748 |
| Dennis D. Young | Matrix Revolution, LLC | 03/08/21 | 1776 | 235 |
| Douglas & Sedalia Ullrich | TMRX Petroleum | 03/20/18 | 1628 | 217 |
| John J. D'Louhy | TMRX Petroleum | 02/15/18 | 1628 | 883 |
| Edward M. Lee and Ellen Lee Family Trust | Matrix Revolution, LLC | 01/13/21 | 1762 | 862 |
| Jerrett D. Kessler | TMRX Petroleum | 12/10/18 | 1664 | 898 |
| Dusti Marburger | TMRX Petroleum | 12/10/18 | 1664 | 898 |
| Jack W. Weidemann & Bobbie A. Weidemann, husband and wife | TMRX Petroleum | 06/20/18 | 1637 | 777 |
| Lance Gebert & Debra Gebert, husband and wife | TMRX Petroleum | 05/09/18 | 1640 | 215 |
| Lee James Bookout | TMRX Petroleum | 05/09/18 | 1637 | 146 |
| Lloyd & Judy Matejowsky | TMRX Petroleum | 05/09/18 | 1637 | 144 |
| Harley R. Weyand and wife, Carol Weyand | TMRX Petroleum | 01/15/21 | 1772 | 739 |
| James & Julia Holmes | TMRX Petroleum | 03/20/18 | 1633 | 695 |
| Dr. Martin Stanley Fischer & wife, Mary Lee Fischer | TMRX Petroleum | 01/15/21 | 1776 | 240 |
| Douglas & Sedalia Ullrich | TMRX Petroleum | 03/20/18 | 1628 | 217 |
| Larry Lester Woytek | TMRX Petroleum | 03/01/18 | 1628 | 881 |
| Elaine Nancy Haynes | TMRX Petroleum | 03/01/18 | 1628 | 876 |
| Betty Woytek Whitehead | TMRX Petroleum | 03/01/18 | 1628 | 874 |
| James Calvin Sellers and wife, Emily Elaine Sellers | TMRX Petroleum | 03/01/18 | 1628 | 878 |
| Highground, formally Baptist Foundation | Matrix Revolution, LLC | 11/23/20 | 1757 | 401 |
| Robert Lucherk | Matrix Revolution, LLC | 01/19/21 | 1766 | 289 |
| Cynthia Lucherk Brittain | Matrix Revolution, LLC | 01/19/21 | 1766 | 293 |
| Timothy Lucherk | Matrix Revolution, LLC | 01/19/21 | 1766 | 285 |
| Kenneth Lucherk | Matrix Revolution, LLC | 01/19/21 | 1766 | 291 |
| Kimberly Lucherk Wilson | Matrix Revolution, LLC | 01/19/21 | 1766 | 287 |
| Kevin Lucherk | Matrix Revolution, LLC | 01/19/21 | 1766 | 295 |
| Rafael Gomes and Elena Espiondola | Matrix Revolution, LLC | 11/02/20 | 1722 | 745 |

Exhibit A-2 – Page 4 of 12

**Part II:  AIP Borrower, LP Legacy Leases**

| Lessor | Lessee | Lease Date | Book # | Page # | Instrument# | County | State |
|---|---|---|---|---|---|---|---|
| Jerry L. Schafer | Paleo Oil Company LLC | 7/19/2018 | 1233 | 1050 | 2018-02835 | Lee | Texas |
| Jetta-XZ, LP | Paleo Oil Company LLC | 11/1/2018 | 1879 | 773 | 18-07583 | Fayette | Texas |
| Stanley Budnik | Paleo Oil Company LLC | 7/19/2018 | 1233 | 1054 | 2018-02836 | Lee | Texas |
| Taylor Land & Mineral Services, Inc. | Paleo Oil Company LLC | 10/15/2018 | 1878 | 476 | 18-07311 | Fayette | Texas |
| Taylor Land & Mineral Services, Inc. | Paleo Oil Company LLC | 10/15/2018 | 1878 | 473 | 18-07310 | Fayette | Texas |
| Texas Osage Royalty Pool Inc | Paleo Oil Company LLC | 5/24/2018 | 1874 | 610 | 18-06471 | Fayette | Texas |
| Texas Osage Royalty Pool Inc | Paleo Oil Company LLC | 8/15/2018 | 1876 | 459 | 18-06810 | Fayette | Texas |
| William E. Budnik | Paleo Oil Company LLC | 7/19/2018 | 1233 | 1046 | 2018-02833 | Lee | Texas |
| Loretta Chilek | Taylor Land & Mineral Services, Inc. | 5/24/2018 | 1872 | 831 | 18-06121 | Fayette | Texas |
| Karp Holdings | Taylor Land & Mineral Services, Inc. | 10/9/2018 | 1876 | 886 | 18-06934 | Fayette | Texas |
| Willfred G. Foehr, et ux | Taylor Land & Mineral Services, Inc. | 8/10/2018 | 1876 | 465 | 18-06814 | Fayette | Texas |
| Bruce Burleson | Taylor Land & Mineral Services, Inc. | 8/13/2018 | 1882 | 723 | 18-08234 | Fayette | Texas |
| Carol Timme | Taylor Land & Mineral Services, Inc. | 10/10/2018 | 1882 | 724 | 18-08235 | Fayette | Texas |
| Dorothy Rather | Taylor Land & Mineral Services, Inc. | 10/9/2018 | 1882 | 725 | 18-08236 | Fayette | Texas |
| Thomas Lowery | Taylor Land & Mineral Services, Inc. | 8/5/2018 | 1876 | 464 | 18-06813 | Fayette | Texas |
| Hugo Rodriguez, et ux | Taylor Land & Mineral Services, Inc. | 8/27/2018 | 1878 | 439 | 18-07296 | Fayette | Texas |
| Leexus Oil & Gas, LLC | Taylor Land & Mineral Services, Inc. | 1/10/2019 | 1885 | 549 | 19-00242 | Fayette | Texas |
| Linda Skinner | Taylor Land & Mineral Services, Inc. | 8/21/2018 | 1876 | 466 | 18-06815 | Fayette | Texas |
| Ledbetter Cemetery Assoc. | Taylor Land & Mineral Services, Inc. | 8/28/2018 | 1878 | 446 | 18-07301 | Fayette | Texas |
| Janet Matthijetz | Taylor Land & Mineral Services, Inc. | 8/8/2018 | 1876 | 463 | 18-06812 | Fayette | Texas |
| Carolyn Keng, et al | Taylor Land & Mineral Services, Inc. | 9/10/2018 | 1876 | 575 | 18-06841 | Fayette | Texas |
| Joan Goehring | Taylor Land & Mineral Services, Inc. | 8/10/2018 | 1878 | 442 | 18-07298 | Fayette | Texas |
| Robin Zapalac | Taylor Land & Mineral Services, Inc. | 8/28/2018 | 1878 | 469 | 18-07307 | Fayette | Texas |
| Christine Dyer Jervis & Jon H. Jervis | Taylor Land & Mineral Services, Inc. | 8/28/2018 | 1878 | 471 | 18-07309 | Fayette | Texas |
| Christine Jervis | Taylor Land & Mineral Services, Inc. | 8/28/2018 | 1878 | 470 | 18-07308 | Fayette | Texas |
| Lillian Dyer Trust | Taylor Land & Mineral Services, Inc. | 8/28/2018 | 1878 | 444 | 18-07299 | Fayette | Texas |
| Robert Reid, et ux | Taylor Land & Mineral Services, Inc. | 8/31/2018 | 1878 | 445 | 18-07300 | Fayette | Texas |

VOL 1322 PG 0021

| Lessor | Lessee | Lease Date | Book # | Page # | Instrument# | County | State |
|---|---|---|---|---|---|---|---|
| Curtis Moore | Taylor Land & Mineral Services, Inc. | 9/10/2018 | 1878 | 447 | 18-07302 | Fayette | Texas |
| Erma Webster | Taylor Land & Mineral Services, Inc. | 9/10/2018 | 1882 | 739 | 18-08244 | Fayette | Texas |
| Hubert Silva and wife Ruby | Taylor Land & Mineral Services, Inc. | 10/4/2018 | 1878 | 449 | 18-07303 | Fayette | Texas |
| Rita Clay | Taylor Land & Mineral Services, Inc. | 10/5/2018 | 1878 | 450 | 18-07304 | Fayette | Texas |
| Larry L. Woytek, et ux | Taylor Land & Mineral Services, Inc. | 9/20/2018 | 1882 | 740 | 18-08245 | Fayette | Texas |
| Kenneth Lehmann | Taylor Land & Mineral Services, Inc. | 9/10/2018 | 1882 | 741 | 18-08246 | Fayette | Texas |
| Kitchens Real Estate Partnership, Ltd. | Taylor Land & Mineral Services, Inc. | 9/20/2018 | 1882 | 742 | 18-08247 | Fayette | Texas |
| Herbert Jackson | Taylor Land & Mineral Services, Inc. | 9/20/2018 | 1882 | 735 | 18-08241 | Fayette | Texas |
| Luis Flores | Taylor Land & Mineral Services, Inc. | 11/5/2018 | 1882 | 738 | 18-08243 | Fayette | Texas |
| Wayne Navarro and Joyce Navarro | Taylor Land & Mineral Services, Inc. | 8/5/2018 | 1876 | 462 | 18-06811 | Fayette | Texas |
| Providence Minerals, Ltd. | Taylor Land & Mineral Services, Inc. | 1/14/2019 | 1887 | 659 | 19-00723 | Fayette | Texas |
| Charles Weerts | Taylor Land & Mineral Services, Inc. | 6/13/2018 | 1876 | 468 | 18-06817 | Fayette | Texas |
| Michael Weerts | Taylor Land & Mineral Services, Inc. | 6/13/2018 | 1876 | 467 | 18-06816 | Fayette | Texas |
| Penelope Carter | Taylor Land & Mineral Services, Inc. | 9/11/2018 | 1876 | 888 | 18-06935 | Fayette | Texas |
| Theodora Boehm | Taylor Land & Mineral Services, Inc. | 9/11/2018 | 1876 | 890 | 18-06936 | Fayette | Texas |
| Ledbetter Volunteer Fire Dept. | Taylor Land & Mineral Services, Inc. | 9/6/2018 | 1882 | 730 | 18-08239 | Fayette | Texas |
| Casey Smith, et al | Taylor Land & Mineral Services, Inc. | 9/10/2018 | 1876 | 577 | 18-06842 | Fayette | Texas |
| Carolyn Keng | Taylor Land & Mineral Services, Inc. | 1/14/2018 | 1882 | 734 | 18-08240 | Fayette | Texas |
| Casey Smith & Jamie Manning | Taylor Land & Mineral Services, Inc. | 1/14/2018 | 1882 | 736 | 18-08242 | Fayette | Texas |
| Christine Dyer Jervis, et al | Taylor Land & Mineral Services, Inc. | 8/28/2018 | 1878 | 451 | 18-07305 | Fayette | Texas |
| JRI Land & Cattle, et al | Taylor Land & Mineral Services, Inc. | 8/28/2018 | 1878 | 467 | 18-07306 | Fayette | Texas |
| Donald Smith | Taylor Land & Mineral Services, Inc. | 11/5/2018 | 1885 | 551 | 19-00243 | Fayette | Texas |
| Gwen Bryant | Taylor Land & Mineral Services, Inc. | 11/5/2018 | 1885 | 555 | 19-00245 | Fayette | Texas |
| Marcia G. Roberson | Taylor Land & Mineral Services, Inc. | 11/5/2018 | 1885 | 553 | 19-00244 | Fayette | Texas |
| Lillie S. Jones | Taylor Land & Mineral Services, Inc. | 11/5/2018 | 1886 | 794 | 19-00518 | Fayette | Texas |
| Monica Baker | Taylor Land & Mineral Services, Inc. | 11/5/2018 | 1886 | 792 | 19-00517 | Fayette | Texas |
| Ronald Smith | Taylor Land & Mineral Services, Inc. | 11/5/2018 | 1886 | 796 | 19-00519 | Fayette | Texas |
| Dorothy Moore | Taylor Land & Mineral Services, Inc. | 1/11/2019 | 1887 | 658 | 19-00722 | Fayette | Texas |
| Triumph Missionary Baptist Church | Taylor Land & Mineral Services, Inc. | 10/5/2018 | 1886 | 799 | 19-00521 | Fayette | Texas |

Exhibit A-2 – Page 6 of 12

VOL I 3 2 2 PG 0 0 2 2

| Lessor | Lessee | Lease Date | Book # | Page # | Instrument# | County | State |
|---|---|---|---|---|---|---|---|
| Clifton Painter, et ux | Taylor Land & Mineral Services, Inc. | 117/19 | 1886 | 801 | 19-00522 | Fayette | Texas |
| Ledbetter Landmark, LLC | Taylor Land & Mineral Services, Inc. | 10/23/2018) | 1886 | 788 | 19-00516 | Fayette | Texas |
| Ray George & Rita Gillum | Texian Mineral & Royalty, LLC | 10/1/17 | 1222 | 709 | 2018-00428 | Lee | Texas |
| Jeffrey Blume and Sandra R. Blume | Texian Mineral & Royalty, LLC | 11/8/2017 | 1222 | 706 | 2018-00427 | Lee | Texas |
| Jeffrey Blume and Sandra R. Blume | Texian Mineral & Royalty, LLC | 11/8/2017 | 1850 | 937 | 18-01468 | Fayette | Texas |
| Jeffrey Blume and Sandra R. Blume | Texian Mineral & Royalty, LLC | 11/8/2017 | 1850 | 934 | 18-01467 | Fayette | Texas |
| Jeffrey Blume and Sandra R. Blume | Texian Mineral & Royalty, LLC | 11/8/2017 | 1850 | 940 | 18-01469 | Fayette | Texas |
| Solis Family Properties, L.P. | Texian Mineral & Royalty, LLC | 9/6/2017 | 1851 | 350 | 18-01561 | Fayette | Texas |
| Ronald Holle, and wife Dorothy | Todd Weiss | 11/3/2017 | 1223 | 1041 | 2018-00754 | Fayette | Texas |
| Fulton Quien Sabe Ranches LP | Beland Energy LLC | 4/19/2018 | 1866 | 179 | 18-04762 | Fayette | Texas |
| Marlene Schmidt Waak | Beland Energy LLC | 4/19/2018 | 1859 | 672 | 18-03468 | Fayette | Texas |
| Cindy Randermann | Taylor Land & Mineral Services, Inc. | 9/20/2018 | 1239 | 307 | 2018-04091 | Lee | Texas |
| Gaylynn Lawrence | Taylor Land & Mineral Services, Inc. | 9/20/2018 | 1239 | 309 | 2018-04093 | Lee | Texas |
| Chase Lawrence | Taylor Land & Mineral Services, Inc. | 9/20/2018 | 1239 | 311 | 2018-04095 | Lee | Texas |
| Thomas Wrinkle, et ux | Taylor Land & Mineral Services, Inc. | 9/7/2018 | 1237 | 551 | 2018-03700 | Lee | Texas |
| Rita Wrinkle | Taylor Land & Mineral Services, Inc. | 9/7/2018 | 1237 | 552 | 2018-03701 | Lee | Texas |
| Marshall Bennett | Taylor Land & Mineral Services, Inc. | 8/20/2018 | 1239 | 315 | 2018-04099 | Lee | Texas |
| Donna Phillips | Taylor Land & Mineral Services, Inc. | 9/10/2018 | 1239 | 314 | 2018-04098 | Lee | Texas |
| Jesus Delarosa | Taylor Land & Mineral Services, Inc. | 10/2/2018 | 1239 | 696 | 2018-04201 | Lee | Texas |
| Hector Chairez | Taylor Land & Mineral Services, Inc. | 8/15/2018 | 1239 | 697 | 2018-04202 | Lee | Texas |
| Jose Perez | Taylor Land & Mineral Services, Inc. | 8/15/2018 | 1239 | 698 | 2018-04203 | Lee | Texas |
| Rojelio S. Torres, et ux | Taylor Land & Mineral Services, Inc. | 9/19/2018 | 1239 | 312 | 2018-04096 | Lee | Texas |
| Candy Clark | Taylor Land & Mineral Services, Inc. | 8/2/2018 | 1239 | 695 | 2018-04200 | Lee | Texas |
| Jennifer McCormick | Taylor Land & Mineral Services, Inc. | 8/15/2018 | 1239 | 693 | 2018-04198 | Lee | Texas |
| Jon Ray, et ux | Taylor Land & Mineral Services, Inc. | 8/28/2018 | 1239 | 310 | 2018-04094 | Lee | Texas |
| Norris Fuchs | Taylor Land & Mineral Services, Inc. | 9/19/2018 | 1239 | 308 | 2018-04092 | Lee | Texas |
| Stephen Cornwell | Taylor Land & Mineral Services, Inc. | 9/20/2018 | 1239 | 306 | 2018-04090 | Lee | Texas |
| John E. Prewitt | Taylor Land & Mineral Services, Inc. | 10/9/2018 | 1239 | 694 | 2018-04199 | Lee | Texas |
| Jose Alvarez | Taylor Land & Mineral Services, Inc. | 8/20/2018 | 1239 | 313 | 2018-04097 | Lee | Texas |
| Ray Maass, et ux | Taylor Land & Mineral Services, Inc. | 8/28/2018 | 1239 | 305 | 2018-04089 | Lee | Texas |

Exhibit A-2 – Page 7 of 12

VOL I 3 2 2 PG 0 0 2 3

| Lessor | Lessee | Lease Date | Book # | Page # | Instrument# | County | State |
|---|---|---|---|---|---|---|---|
| Christine Dyer Jervis, et al | Beland Energy, LLC | 2/20/2018 | 1857 | 841 | | Fayette | Texas |
| Devon Energy Production Co., L.P. | Matrix Revolution, LLC | 1/31/2019 | 1890 | 620 | | Fayette | Texas |
| Devon Energy Production Co., L.P. | Matrix Revolution, LLC | 1/31/2019 | 1246 | 986 | | Lee | Texas |
| Donald M. Ward | Paleo Oil Company LLC | 7/26/2018 | 1233 | 1041 | 2018-02832 | Lee | Texas |
| Gary D. Ward | Paleo Oil Company LLC | 7/26/2018 | 1233 | 855 | 2018-02801 | Lee | Texas |
| Wesley Ward | Paleo Oil Company LLC | 7/26/2018 | 1233 | 856 | 2018-02802 | Lee | Texas |
| State of Texas (MF120226) | Paleo Oil Company LLC | 1/21/2020 | 1929 | 886 | | Fayette | Texas |
| Betty C. Cook | Taylor Land & Mineral Services, Inc. | 5/23/2020 | 1946 | 808 | | Fayette | Texas |
| Bonnie Orsak & husband, Daniel | Taylor Land & Mineral Services, Inc. | 5/8/2018 | 1872 | 826 | | Fayette | Texas |
| Wilbert Otto Dernehl, Jr. | Taylor Land & Mineral Services, Inc. | 5/8/2018 | 1872 | 827 | | Fayette | Texas |
| Billy Jack Albers, et al | Taylor Land & Mineral Services, Inc. | 5/28/2018 | 1874 | 83 | | Fayette | Texas |
| David Schulz | Taylor Land & Mineral Services, Inc. | 11/12/2019 | 1924 | 410 | | Fayette | Texas |
| Jason R. Adams | Taylor Land & Mineral Services, Inc. | 10/24/2019 | 1924 | 414 | | Fayette | Texas |
| Jena Adams Tally | Taylor Land & Mineral Services, Inc. | 10/24/2019 | 1924 | 413 | | Fayette | Texas |
| Ginger Faye Ebner | Taylor Land & Mineral Services, Inc. | 5/24/2018 | 1872 | 830 | | Fayette | Texas |
| Reagie Ebner & wife, Michele Ebner | Taylor Land & Mineral Services, Inc. | 8/5/2018 | 1872 | 828 | | Fayette | Texas |
| Valgene Ebner | Taylor Land & Mineral Services, Inc. | 5/15/2018 | 1872 | 829 | | Fayette | Texas |
| Chovanec Management Trust | Todd Weiss | 12/7/2017 | 1850 | 669 | | Fayette | Texas |
| Alice Kuehn Sparks | Polaris E&P, LLC | 12/6/2017 | 1220 | 217 | 2017-04149 | Lee | Texas |
| Angela Davis | HB2 Origination, LLC | 8/10/2019 | 1257 | 388 | 2019-03081 | Lee | Texas |
| Angela R. Fulcher | Taylor Land & Mineral Services, Inc. | 6/19/2018 | 1233 | 726 | 2018-02769 | Lee | Texas |
| Billy Elizondo, et ux | Taylor Land & Mineral Services, Inc. | 9/19/2018 | 124) | 98 | 2018-04614 | Lee | Texas |
| Candy Clark | Taylor Land & Mineral Services, Inc. | 8/20/2018 | 1239 | 695 | 2018-04200 | Lee | Texas |
| Carrot D. McGehee | Texian Mineral & Royalty, LLC | 5/30/2018 | 1233 | 692 | 2018-02761 | Lee | Texas |
| Chase Lawrence | Taylor Land & Mineral Services, Inc. | 9/20/2018 | 1239 | 311 | 2018-04095 | Lee | Texas |
| Cindy Randermann | Taylor Land & Mineral Services, Inc. | 9/20/2018 | 1239 | 307 | 2018-04091 | Lee | Texas |
| Elroy E. Kuehn | Polaris E&P, LLC | 12/5/2017 | 1219 | 1091 | 2017-04104 | Lee | Texas |
| Gary Gerdes | Taylor Land & Mineral Services, Inc. | 6/13/2018 | 1233 | 689 | 2018-02759 | Lee | Texas |
| Gary Gerdes | Taylor Land & Mineral Services, Inc. | 6/13/2018 | 1233 | 691 | 2018-02760 | Lee | Texas |
| Gary W. Gerdes | Paleo Oil Company, LLC | 10/12/2018 | 1241 | 99 | 2018-04615 | Lee | Texas |

Exhibit A-2 – Page **8** of **12**

| Lessor | Lessee | Lease Date | Book # | Page # | Instrument# | County | State |
|---|---|---|---|---|---|---|---|
| Gold Endeavor Development, LLC | Taylor Land & Mineral Services, Inc. | 7/6/2018 | 1234 | 486 | 2018-03028 | Lee | Texas |
| Harold Pieratt, et ux | Taylor Land & Mineral Services, Inc. | 6/25/2018 | 1233 | 693 | 2018-02762 | Lee | Texas |
| Hector Chairez | Taylor Land & Mineral Services, Inc. | 8/15/2018 | 1239 | 697 | 2018-04202 | Lee | Texas |
| Irma R. De la Cruz | HB2 Origination, LLC | 8/10/2019 | 1257 | 391 | 2019-03084 | Lee | Texas |
| Jared Wolfe, et ux | GeoSouthern Energy Partners, LP | 2/21/2017 | 1205 | 382 | 2017-01014 | Lee | Texas |
| Jennifer N. McCormick | Taylor Land & Mineral Services, Inc. | 8/15/2018 | 1239 | 693 | 2018-04198 | Lee | Texas |
| Jesus Delarosa | Taylor Land & Mineral Services, Inc. | 10/2/2018 | 1239 | 696 | 2018-04201 | Lee | Texas |
| Jetta X-2, L.P. | Paleo Oil Company, LLC | 11/1/2018 | 1241 | 121 | 2018-04621 | Lee | Texas |
| Jetta X-2, L.P. | Paleo Oil Company, LLC | 11/1/2018 | 1879 | 773 | 2018-07583 | Lee | Texas |
| John E. Prewett, et ux | Taylor Land & Mineral Services, Inc. | 10/9/2018 | 1239 | 694 | 2018-04199 | Lee | Texas |
| John Ray, et ux | Taylor Land & Mineral Services, Inc. | 8/28/2018 | 1239 | 310 | 2018-04094 | Lee | Texas |
| Jose Alvarez | Taylor Land & Mineral Services, Inc. | 8/20/2018 | 1239 | 313 | 18-04097 | Lee | Texas |
| Jose Perez | Taylor Land & Mineral Services, Inc. | 8/15/2018 | 1239 | 698 | 2018-04203 | Lee | Texas |
| Kenneth E, Carey, et ux | HB2 Origination, LLC | 8/10/2019 | 1257 | 392 | 2019-03085 | Lee | Texas |
| Kenneth Wayne Rethke | Beland Energy, LLC | 2/26/2018 | 1228 | 94 | 2018-02833 | Lee | Texas |
| Larry Eslick, et ux | HB2 Origination, LLC | 6/3/2019 | 1254 | 1113 | 2019-02488 | Lee | Texas |
| Lee County Water Supply | Taylor Land & Mineral Services, Inc. | 9/11/2018 | 1241 | 96 | 2018-04613 | Lee | Texas |
| Marion M. Hawkins | HB2 Origination, LLC | 6/13/2019 | 1255 | 926 | 2019-02683 | Lee | Texas |
| Marion M Hawkins | HB2 Origination, LLC | 6/13/2019 | 1255 | 925 | 2019-02682 | Lee | Texas |
| Marshall Bennett | Taylor Land & Mineral Services, Inc. | 8/20/2018 | 1239 | 315 | 2018-04099 | Lee | Texas |
| Martin E. Janczak, et ux | GeoSouthern Energy Partners, LP | 3/7/2017 | 1205 | 364 | 2017-00997 | Lee | Texas |
| Mary Beth Sledge | HB2 Origination, LLC | 8/10/2019 | 1257 | 1050 | 2019-03218 | Lee | Texas |
| Metro Container, LLC | HB2 Origination, LLC | 1/24/2020 | 1267 | 1 | 2020-00506 | Lee | Texas |
| Michael S. Janczak, et ux | GeoSouthern Energy Partners, LP | 3/7/2017 | 1207 | 894 | 2017-01498 | Lee | Texas |

VOL I 3 2 2 PG 0 0 2 5

| Lessor | Lessee | Lease Date | Book # | Page # | Instrument# | County | State |
|---|---|---|---|---|---|---|---|
| Norberto Lara Jr. | HB2 Origination, LLC | 8/10/2019 | 1257 | 389 | 2019-03082 | Lee | Texas |
| Norris Fuchs | Taylor Land & Mineral Services, Inc. | 9/19/2018 | 1239 | 308 | 2018-04092 | Lee | Texas |
| Nutshell, Inc. | Taylor Land & Mineral Services, Inc. | 6/19/2018 | 1233 | 727 | 2018-02770 | Lee | Texas |
| Nutshell, Inc. | GeoSouthern Energy Partners, LP | 3/1/2017 | 1205 | 384 | 2017-01016 | Lee | Texas |
| Placke Family Ltd, | TMRX Petroleum, LLC | 7/30/2018 | 1235 | 958 | 2018-03344 | Lee | Texas |
| Plainview Petroleum | HB2 Origination, LLC | 1/15/2020 | 1266 | 572 | 2020-00384 | Lee | Texas |
| Rafael Salazar | Taylor Land & Mineral Services, Inc. | 10/2/2018 | 1241 | 100 | 2018-04616 | Lee | Texas |
| Ray Maass, et ux | Taylor Land & Mineral Services, Inc. | 8/28/2018 | 1239 | 305 | 18-04089 | Lee | Texas |
| Rick Fulcher, Sr., et ux | GeoSouthern Energy Partners, LP | 3/1/2017 | 1205 | 383 | 2017-01015 | Lee | Texas |
| Rojelio S. Torres, et ux | Taylor Land & Mineral Services, Inc. | 9/19/2018 | 1239 | 312 | 2018-04096 | Lee | Texas |
| Roy T. Locke | HB2 Origination, LLC | 8/10/2019 | 1257 | 387 | 2019-03080 | Lee | Texas |
| Ruth A. Placke Life Estate and Ramp Farm, Ltd. | TMRX Petroleum, LLC | 7/30/2018 | 1235 | 960 | 2018-03346 | Lee | Texas |
| Shirley Kuehn Adkins | Polaris E&P, LLC | 12/6/2017 | 1220 | 605 | 2017-04221 | Lee | Texas |
| Stephanie DeAngelo | HB2 Origination, LLC | 8/10/2019 | 1258 | 329 | 2019-03265 | Lee | Texas |
| Stephen Cornwell, et ux | Taylor Land & Mineral Services, Inc. | 8/20/2018 | 1239 | 306 | 18-04090 | Lee | Texas |
| Susan Strauch | HB2 Origination, LLC | 8/10/2019 | 1257 | 390 | 2019-03083 | Lee | Texas |
| Texas Osage Royalty Pool, Inc. | Paleo Oil Company, LLC | 3/15/2018 | 1228 | 490 | 2018-01765 | Lee | Texas |
| The Sipes Living Trust | Taylor Land & Mineral Services, Inc. | 9/19/2018 | 1241 | 95 | 2018-04612 | Lee | Texas |
| Timothy & Carolyn McGhee | HB2 Origination, LLC | 6/3/2019 | 1254 | 1116 | 2019-02489 | Lee | Texas |
| Tower Rock Royalties | HB2 Origination, LLC | 1/15/2020 | 1266 | 571 | 2020-00383 | Lee | Texas |
| Vance T. Bradford | Taylor Land & Mineral Services, Inc. | 7/6/2018 | 1234 | 484 | 2018-03026 | Lee | Texas |
| Warner A. Mize | Texian Mineral & Royalty, LLC | 7/10/2017 | 1216 | 913 | 2017-03315 | Lee | Texas |
| William Placke | TMRX Petroleum, LLC | 7/30/2018 | 1235 | 959 | 2018-03345 | Lee | Texas |
| Union Pacific Railroad Company | Paleo Oil Company LLC | 10/1/2018 | 1240 | 375 | 2018-04394 | Lee | Texas |

Exhibit A-2 – Page **10** of **12**

VOL1322PG0026

| Lessor | Lessee | Lease Date | Instrument# | County | State |
|---|---|---|---|---|---|
| Moehlman, Shirley J. H. Klaus | Gasper Rice Resources, Ltd. | 6/6/2005 | 055017 | Austin | Texas |
| Canik, Gilbert E. et al | Gasper Rice Resources, Ltd. | 6/4/2005 | 055016 | Austin | Texas |
| Huff, Judith | Carr Resources, Inc. | 8/9/2016 | 163829 | Austin | Texas |
| Horlen, Gale Huff | Carr Resources, Inc. | 8/9/2016 | 163828 | Austin | Texas |
| Barnett, Sandra F., Individually and as Independent Executrix of the Est. of James G. Barnett, deceased | Carr Resources, Inc. | 10/24/2011 | 120533 | Austin | Texas |
| Bettis, Laurie Beth Hegemeyer et al | Carr Resources, Inc. | 8/23/2016 | 165104 | Austin | Texas |
| Huff, Judith | Carr Resources, Inc. | 8/9/2016 | 163829 | Austin | Texas |
| Horlen, Gale Huff | Carr Resources, Inc. | 8/9/2016 | 163828 | Austin | Texas |
| Geisler, Evelyn | Gasper Rice Resources, Ltd. | 6/1/2005 | 055015 | Austin | Texas |
| Barry, Jyirildean M. and Alice Ann Barry | Carr Resources, Inc. | 2/5/2015 | 151302 | Austin | Texas |
| Platte, Ernest | Gasper Rice Resources, Ltd. | 7/1/2005 | 055020 | Austin | Texas |
| Pfeffer, Gloria Luedke | Gasper Rice Resources, Ltd. | 6/30/2005 | 055463 | Austin | Texas |
| Pfeffer, Woody Dean | Gasper Rice Resources, Ltd. | 7/7/2005 | 055957 | Austin | Texas |
| Potter, Verbean Gale Pfeffer et al | Carr Resources, Inc. | 1/20/2015 | 151304 | Austin | Texas |
| Pfeffer, Gary Dale | Gasper Rice Resources, Ltd. | 9/6/2005 | 056711 | Austin | Texas |
| Pfeffer, DuWayne | Carr Resources, Inc. | 2/11/2015 | 151307 | Austin | Texas |
| Pilcik, Bruce et ux | Gasper Rice Resources, Ltd. | 5/31/2005 | 054274 | Austin | Texas |
| Mertz, Daniel Charles | Gasper Rice Resources, Ltd. | 6/23/2005 | 055459 | Austin | Texas |
| Bass, Kevin Douglas | Carr Resources, Inc. | 4/17/2014 | 142366 | Austin | Texas |
| Lahrmann, Russell Paul et ux, Lisa R. | Gasper Rice Resources, Ltd. | 7/20/2005 | 055956 | Austin | Texas |
| Lahrmann, Lloyd, Ind.& as Trustee | Gasper Rice Resources, Ltd. | 7/20/2005 | 055958 | Austin | Texas |
| Kaase, Mary Ann and Angeline Ann Kaase Howard | Gasper Rice Resources, Ltd. | 4/23/2008 | 083182 | Austin | Texas |
| Algar Land & Mineral Trust | Carr Resources, Inc. | 11/6/2014 | 150227 | Austin | Texas |
| Pomykal, Norman | Carr Resources, Inc. | 5/23/2011 | 112720 | Austin | Texas |
| Kacir Wheeler, LLC | Carr Resources, Inc. | 7/21/2017 | 174147 | Austin | Texas |
| Kacir, Sidney | Carr Resources, Inc. | 8/15/2011 | 114167 | Austin | Texas |
| Skrabanek, Dorothy | Carr Resources, Inc. | 12/23/2011 | 120531 | Austin | Texas |
| Fite, Gloria Ruth Schiller | Carr Resources, Inc. | 5/23/2011 | 112719 | Austin | Texas |
| Pomykal, Gayle | Carr Resources, Inc. | 5/23/2011 | 112721 | Austin | Texas |

Exhibit A-2 – Page 11 of 12

VOL 1322 PG 0027

| Lessor | Lessee | Lease Date | Instrument# | County | State |
|---|---|---|---|---|---|
| Wood, William Ronnie et al | Carr Resources, Inc. | 4/22/2014 | 142372 | Austin | Texas |
| Schiller, Edward W. | Carr Resources, Inc. | 8/15/2011 | 114168 | Austin | Texas |
| Kacir, Kyle A. | Carr Resources, Inc. | 8/18/2011 | 114165 | Austin | Texas |
| Kacir, Karl W. | Carr Resources, Inc. | 8/22/2011 | 114166 | Austin | Texas |
| Kacir, Kent C. | Carr Resources, Inc. | 8/22/2011 | 114976 | Austin | Texas |
| Moody, Katherine | Carr Resources, Inc. | 6/18/2014 | 143319 | Austin | Texas |
| Alvarado, Karen | Carr Resources, Inc. | 8/3/2018 | 184902 | Austin | Texas |
| Farrow, Gayle | Carr Resources, Inc. | 12/14/2018 | 190440 | Austin | Texas |
| Bethke, Karen | Carr Resources, Inc. | 12/14/2018 | 190441 | Austin | Texas |
| Pilcik, Bruce R. et ux | Carr Resources, Inc. | 5/23/2011 | 112716 | Austin | Texas |
| Pilcik Bronson Ray et ux | Carr Resources, Inc. | 5/23/2011 | 112717 | Austin | Texas |
| Wallace, Ava Margaret | Carr Resources, Inc. | 5/24/2017 | 173314 | Austin | Texas |
| Kuehn, Edwin A. et ux | Carr Resources, Inc. | 5/30/2011 | 112718 | Austin | Texas |
| King, Hurley O. et ux | Carr Resources, Inc. | 5/30/2011 | 112723 | Austin | Texas |
| Mahon, Jerry et ux | Carr Resources, Inc. | 1/11/2019 | 190442 | Austin | Texas |
| Mahon, Jerry et ux | Carr Resources, Inc. | 5/2/2017 | 172282 | Austin | Texas |
| Crathers, Mable Dean | Carr Resources, Inc. | 5/23/2011 | 112724 | Austin | Texas |
| King, Willie Mae | Carr Resources, Inc. | 3/31/2014 | 142365 | Austin | Texas |
| King, Howard Jr. | Carr Resources, Inc. | 5/31/2017 | 173312 | Austin | Texas |
| Parker, Ora Nell | Carr Resources, Inc. | 3/31/2014 | 142363 | Austin | Texas |
| Mays, Shirleen | Carr Resources, Inc. | 3/31/2014 | 142362 | Austin | Texas |
| King, Derry Lewis | Carr Resources, Inc. | 3/31/2014 | 142358 | Austin | Texas |
| Henry, Merlean | Carr Resources, Inc. | 3/31/2014 | 142359 | Austin | Texas |
| Hall, Mable | Carr Resources, Inc. | 3/31/2014 | 142360 | Austin | Texas |
| Taylor, Genette | Carr Resources, Inc. | 3/31/2014 | 142361 | Austin | Texas |
| King, Willie Mae | Carr Resources, Inc. | 3/31/2014 | 142365 | Austin | Texas |
| Brown, Marilyn et al | Carr Resources, Inc. | 4/14/2014 | 142368 | Austin | Texas |
| Eben, Clarence | Gasper Rice Resources, Ltd. | 7/26/2005 | 055023 | Austin | Texas |
| Bass, Kevin Douglas | Carr Resources, Inc. | 9/2/2014 | 144408 | Austin | Texas |

Exhibit A-2 – Page **12** of **12**

**EXHIBIT B**

ATTACHED TO AND MADE A PART OF THAT CERTAIN WELLBORE ASSIGNMENT AND BILL OF SALE FROM
HB2 ORIGINATION, LLC TO ALPINE SUMMIT FUNDING LLC
DATED EFFECTIVE AS OF APRIL 1, 2022

**EXCLUDED ASSETS**

"**Excluded Assets**" means all of the following of Assignor:

(a)     all corporate, financial, income Tax, franchise tax, and legal data and records of Assignor and its Affiliates (other than Issuer Books and Records), and all other information, records, and data that relate to Assignor's or any of its Affiliates' business generally;

(b)     all accounts receivable and all rights to payment, reimbursement, refund, or indemnity accruing or attributable to any period before the Effective Time or to any Excluded Assets, including any right to payment or refund under any Lease or otherwise with respect to any Burdens or the overpayment thereof, and all rights, Claims, refunds, causes of action, or choses in action relating to the foregoing;

(c)     all production of Hydrocarbons from or attributable to the Wells or Wellbore Interests with respect to any period before the Effective Time (including Hydrocarbons in storage on the Effective Time, including (i) all proceeds attributable to any such pre-Effective Time production, and all other income, revenue, and proceeds attributable to the Wells or Wellbore Interests with respect to any period before the Effective Time, and (ii) all rights, Claims, refunds, causes of action, or choses in action relating to such pre-Effective Time production, income, revenue, and proceeds (including settlement of take-or-pay disputes));

(d)     all overhead costs and expenses paid or payable by Third Parties to Assignor or any of its Affiliates pursuant to any applicable joint operating agreement;

(e)     (i) all cash and cash equivalents held by Assignor or any of its Affiliates; (ii) all deposits paid by Assignor or any of its Affiliates; (iii) all surety bonds, rights under any letters of credit, and collateral pledged to secure any Liability or obligation of Assignor or any of its Affiliates in respect of any of the Wells or Wellbore Interests or any of the Excluded Assets; and (iv) all Claims, payments, and proceeds under any insurance policies held by Assignor and its Affiliates, in each case, to the extent (1) relating to any Excluded Asset or to any matter for which Assignor has indemnified the Issuer Indemnity Group, (2) attributable to any Title Failure for which Assignee has been provided a remedy under Section 5.11 of the APA that has been fulfilled in accordance therewith or (3) related to the period prior to the Effective Time;

(f)     all other proceeds from the settlement or disposition of any Claims, Proceedings, or disputes, and all other rights, claims, refunds, causes of action, and choses in action, in each case, owed or paid to or in favor of Assignor or any of its Affiliates, in each case, to the extent such proceeds (i) arise out of or relate to any of the other Excluded Assets or to any matters for which Assignor has indemnified the Issuer Indemnity Group, (ii) are attributable to any Title Failure for which Assignee has been provided a remedy under Section 5.11 of the APA that has been fulfilled in accordance therewith or (iii) that relate to the period prior to the Effective Time;

(g)     all Retained Hedge Contracts and all rights thereunder;

(h)     (i) all geologic, geophysical, and seismic information, data, and licenses, including all interpretive data and analysis of any of the foregoing, (ii) all physical cores and all core data and analysis,

VOL I 3 2 2 PG 0 0 2 9

(iii) except to the extent related to the Wells, all studies related to reserve assessments and economic estimates and analyses, and (iv) except for items constituting Issuer Books and Records, all other intellectual property of Assignor and its Affiliates;

(i)       except for items constituting Issuer Books and Records, all data, software, and records to the extent disclosure or transfer is prohibited or subjected to payment of a fee, penalty, or other consideration by any license agreement or other agreement with a Person other than Affiliates of Assignor, or by applicable Legal Requirements;

(j)       all information that is entitled to legal privilege, including attorney work product and attorney-client communications (excluding items constituting Issuer Books and Records);

(k)       all records relating to the negotiation and consummation of this Agreement, the Basic Documents, and the Ancillary Agreements, or otherwise to the acquisition or disposition of the Wellbore Interests pursuant to this Assignment or the APA;

(l)       all audit rights under joint operating agreements or other Contracts to the extent attributable or relating to periods before the Effective Time, to any other Excluded Assets, or to any matters for which Assignor has indemnified the Issuer Indemnity Group;

(m)       any Claims of Assignor or any Affiliate of Assignor for any refunds of or loss of carry forwards in respect of any Taxes for which Assignor is liable for payment or has indemnified the Issuer Indemnity Group, including with respect to (i) taxable periods or portions thereof ending on or prior to the day immediately preceding the day of the Effective Time, (ii) income Taxes or franchise Taxes, or (iii) Taxes attributable to any Excluded Assets;

(n)       all office furniture, office supplies, personal computers and associated peripherals, licensed software, cell phones, and telephone equipment;

(o)       all email;

(p)       the original copies of the Issuer Books and Records;

(q)       all right, title, and interest in and to (i) all water, disposal, and other non-Hydrocarbon wells, (ii) all Hydrocarbon wells not constituting any part of the Wells, (ii) Leases to the extent not constituting Wellbore Lease Rights, (iii) all units and pooled or communitized lands, and all unitization, pooling, and communitization agreements, declarations, and designations and statutorily, judicially, or administratively created drilling, spacing, and production units, in each case, to the extent not constituting Unit Rights, (iv) all tangible personal property, fixtures, and improvements to the extent not constituting Well Facilities, (v) all Contracts not constituting any part of the Applicable Contracts, (vi) all files, books, records, documents, data, and information to the extent relating to any Excluded Assets or otherwise not constituting any part of the Issuer Books and Records; and (vii) all rights, claims, and causes of action (including all rights of indemnity, recovery, set-off or refunds against Third Parties) to the extent not constituting Conveyed Claims;

(r)       all right, title, and interests in and to the Gathering Facilities to the extent not constituting a part of the Wellbore Interests (i.e., being the remaining undivided interest of all of Assignor's right, title, and interest therein after conveyance of the Wellbore Interests therein) (the "**Retained Gathering Facilities**"), except for the rights to use the Retained Gathering Facilities set forth in **Section 1.3** of this Assignment; and

(s)     all other assets and properties of Assignor not described in the definition of Wellbore Interests.

05/09/2022 at 12:51 PM
# 2022-02015
FILED FOR RECORD
SHARON BLASIG
COUNTY CLERK
LEE COUNTY, TX

EXHIBIT B

VOL I 3 2 2 PG 0 0 3 I