IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| ALPINE SUMMIT ENERGY PARTNERS, | § | Case No.: 23-90739 (DRJ) |
| INC., *et al.*,[1] | § | |
| | § | (Jointly Administered) |
| Debtors. | § | |
| | § | |

**ENERGY DRILLING COMPANY'S OBJECTION TO DEBTORS' EMERGENCY MOTION FOR ENTRY OF INTERIM AND FINAL ORDERS PURSUANT TO 11 U.S.C. §§ 105, 361, 362, 363, 364, AND 507 AND FED. R. BANKR. P. 2002, 4001, AND 9014 (I) APPROVING POSTPETITION FINANCING; (II) ALLOWING USE OF CASH COLLATERAL; (III) GRANTING LIENS AND PROVIDING SUPERPRIORITY ADMINISTRATIVE EXPENSE STATUS; (IV) GRANTING ADEQUATE PROTECTION; (V) MODIFYING AUTOMATIC STAY; (VI) SCHEDULING A FINAL HEARING; AND (VII) GRANTING RELATED RELIEF**

[Related Docket No. 5]

Energy Drilling Company ("**Energy Drilling**"), a secured creditor in the above-captioned bankruptcy cases (collectively, the "**Bankruptcy Cases**"), hereby files its objection (the "**Objection**") to the *Debtors' Emergency Motion for Entry of Interim and Final Orders Pursuant to 11 U.S.C. §§ 105, 361, 362, 363, 364, and 507 and Fed. R. Bankr. P. 2002, 4001, and 9014 (I) Approving Postpetition Financing; (II) Allowing use of Cash Collateral; (III) Granting Liens and Providing Superpriority Administrative Expense Status; (IV) Granting Adequate Protection; (V) Modifying Automatic Stay;(VI) Scheduling a Final Hearing; and (VII) Granting Related Relief* [Docket No. 5] (the "**DIP Motion**") filed by the above-captioned debtors and debtors in possession

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of the Debtors' federal tax identification number, are Alpine Summit Energy Partners, Inc. (3755), HB2 Origination, LLC (6760), Ageron Energy II, LLC (1436), Ironroc Energy Partners LLC (9801), Ageron Ironroc Energy, LLC (N/A), Alpine Summit Energy Investors, Inc. (4428), and Alpine Carbon, LLC (N/A). The location of the Debtors' service address is: 3322 West End Ave, Suite 450, Nashville, TN 37203.

(collectively, the "**Debtors**"). In support of the Objection, Energy Drilling respectfully states as follows:

## JURISDICTION AND VENUE

1. The United States Bankruptcy Court for the Southern District of Texas, Houston Division (the "**Court**") has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

2. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## FACTUAL BACKGROUND

3. On November 18, 2022, Energy Drilling and Debtor Ironroc Energy Partners, LLC ("**Ironroc**") entered into that certain Drilling Bid Proposal and Daywork Drilling Contract (the "**Agreement**"), under which Energy Drilling furnished Ironroc with labor, work, materials, services, equipment, tools, and machinery in connection with oil and gas operations on real property owned and/or leased by Ironroc and its debtor and non-debtor affiliates in Jasper County, Texas. Ironroc breached the Agreement by failing and/or refusing to pay Energy Drilling despite repeated demands.

4. Energy Drilling was not fully paid the amounts due and owed by Ironroc under the Agreement. The principal indebtedness in connection with unpaid amounts due and owing by Ironroc under the Agreement is not less than **$430,766.36**, plus interest, attorneys' fees, and costs in an amount to be determined. As a result, the indebtedness in connection with the unpaid amounts owed by Ironroc to Energy Drilling under the Agreement is secured by a timely-filed, valid, and

perfected mineral lien filed in Jasper County, Texas (the "**Mineral Lien**"),[2] more particularly described as follows:

| Mineral Property/Owner/Operator | County | Well Name(s) | Dates Services Performed | Lien Record/Date/Doc # | Amount | Bank/Mortgage |
|---|---|---|---|---|---|---|
| Ironroc Energy Partners, LLC<br><br>HB2 Origination, LLC<br><br>Scallen Energy LLC<br><br>Alpine Maverick VI, LP<br><br>Alpine Maverick VII, LP<br><br>Alpine Red Dawn II, LP | Jasper County, Texas | Oriskany A-152 #1 (API No. 42-241-30920), | 11/26/22 - 12/1/22<br><br>12/2/22 - 12/15/22<br><br>12/16/22 - 1/6/23<br><br>1/10/23 | Recorded 7/3/2023<br><br>Instrument No. 315709 B: OPR V: 1316 P: 364 | $430,766.36 | None |

5.  As noted in the chart above, the Prepetition Lender[3] did not file any deeds of trust in Jasper County, Texas. Thus, Energy Drilling has a senior priority lien ahead of the Prepetition Lender on the property described in the Mineral Lien.

6.  On July 5, 2023, the Debtors filed their respective petitions under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") (the "**Petition Date**"). The Debtors remain in possession of and operate their businesses as debtors in possession.

7.  On July 6, 2023, the Debtors filed the DIP Motion. [Docket No. 5].

8.  On July 10, 2023, the Court entered its *Interim Order (I) Authorizing Post-Petition Financing Secured by Senior Liens, (II) Authorizing the Debtor to Use Cash Collateral, (III)*

---

[2] In connection with the Mineral Lien, Energy Drilling filed a *Notice of Perfection, Continuation, or Maintenance of Lien Pursuant to 11 U.S.C. § 546(b)* [Docket No. 369].

[3] Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the DIP Motion and the Interim Order.

*Granting Adequate Protection, (IV) Scheduling a Final Hearing, and (V) Granting Related Relief* ("**Interim Order**") [Docket No. 120].

9. As of the date hereof, a final hearing on the DIP Motion is set for August 16, 2023, at 10:30 am CT.

## LIMITED OBJECTION AND RESERVATION OF RIGHTS

10. Energy Drilling's liens on the property described in the Mineral Lien are senior in priority to the Prepetition Lender's liens. And while Energy Drilling does not object to the Debtors' reorganization attempts and understands the need for DIP financing and continued use of cash collateral to accomplish this goal, Energy Drilling does object to the extent that the Debtors are seeking to grant a lien that would prime Energy Drilling's interests without providing adequate protection to Energy Drilling. More specifically, Energy Drilling objects to the DIP Motion because (a) it provides for priming liens without adequately protecting Energy Drilling's interests; (b) priming liens should not be considered until the conclusion of the Debtors' sale process and the litigation of the Debtors' estate ownership interest in various leases/wells; (c) it inappropriately waives marshalling and the "equities of the case" exception; (d) the majority of the Prepetition Lender's claim will likely be treated as an administrative expense claim; and (e) to the extent necessary, Energy Drilling should be granted standing to assert that it possesses a Permitted Prior Lien.

11. Energy Drilling reserves its right to supplement this Objection prior to any final determination by the Court regarding DIP financing and continued use of cash collateral as it relates to the rights and priorities of mineral lienholders, including those of Energy Drilling. This reservation of rights is not intended to be, nor should be construed as, a waiver by Energy Drilling of any of its rights under its contract with Ironroc, its perfected Mineral Lien, the Bankruptcy Code,

and/or applicable law. Energy Drilling files this Objection to reserve and preserve any and all rights it has in connection with any adequate protection by the Debtors for its perfected Mineral Lien.

### JOINDER TO OTHER MINERAL LIENHOLDER OBJECTIONS

12. To the extent not inconsistent with the objections contained herein, Energy Drilling joins and adopts the objections, joinders, and reservation of rights asserted by other mineral lienholders related to the DIP Motion. [*See, e.g.*, Docket Nos. 229, 230, 232, 235, 236, 239, 245, 345, and 357]. Energy Drilling further reserves all rights to object to any other relief sought by the Debtors in connection with the DIP Motion.

**WHEREFORE**, Energy Drilling requests that the Court deny the DIP Motion and grant such other and further relief as the Court deems appropriate under the circumstances.

Dated: August 14, 2023               Respectfully submitted,

*/s/ Thomas C. Scannell*
Thomas C. Scannell (TX 24070559)
Stephen A. Jones (TX 24101270)
**FOLEY & LARDNER LLP**
2021 McKinney Avenue, Suite 1600
Dallas, TX 75201
Telephone: 214-999-3000
Facsimile: 214-999-4667
tscannell@foley.com
sajones@foley.com

**COUNSEL FOR
ENERGY DRILLING COMPANY**

## CERTIFICATE OF SERVICE

I hereby certify that, on August 14, 2023, a true and correct copy of the foregoing document was served electronically by the Court's PACER system.

                                                */s/ Stephen A. Jones*
                                                Stephen A. Jones