United States Bankruptcy Court
Southern District of Texas
**ENTERED**
August 30, 2023
Nathan Ochsner, Clerk

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| In re: | § Chapter 11 |
| | § |
| ALPINE SUMMIT ENERGY PARTNERS, INC., *et al.* | § Case No. 23-90739 (DRJ) |
| | § |
| | § (Jointly Administered) |
| Debtors.[1] | § |

**ORDER (I) AUTHORIZING THE DEBTORS TO RETAIN AND EMPLOY HURON CONSULTING SERVICES LLC TO PROVIDE THE DEBTORS A CHIEF RESTRUCTURING OFFICER AND ADDITIONAL PERSONNEL, (II) DESIGNATING RYAN BOULEY AS CHIEF RESTRUCTURING OFFICER AND SEAN CLEMENTS AS DEPUTY CHIEF RESTRUCTURING OFFICER, EFFECTIVE AS OF THE PETITION DATE, AND (III) GRANTING RELATED RELIEF**
[Relates to Docket No. 325]

Upon consideration of the *Application for Entry of an Order (I) Authorizing the Debtors to Retain and Employ Huron Consulting Services LLC to Provide the Debtors a Chief Restructuring Officer and Additional Personnel, (II) Designating Ryan Bouley as Chief Restructuring Officer and Sean Clements as Deputy Chief Restructuring Officer Effective as of the Petition Date, and (III) Granting Related Relief* (the "Application")[2] of the above-captioned debtors and debtors in possession (the "Debtors"); all as further described in the Application; and the Court having reviewed the Application, the First Day Declaration, and the Huron Declaration; and having heard the statements of counsel at the hearing on the Application; and the Court finding

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of the Debtors' federal tax identification number, are Alpine Summit Energy Partners, Inc. (3755), HB2 Origination, LLC (6760), Ageron Energy II, LLC (1436), Ironroc Energy Partners LLC (9801), Ageron Ironroc Energy, LLC (N/A), Alpine Summit Energy Investors, Inc. (4428), and Alpine Carbon, LLC (N/A). The location of the Debtors' service address is: 3322 West End Ave, Suite 450, Nashville, TN 37203.

[2] Capitalized terms used but not defined in this Order have the meanings given in the Application.

14118942

that: (i) the Court has jurisdiction over the Debtors, their estates, property of the estates, and this matter pursuant to 28 U.S.C. §§ 157 and 1334; (ii) the Court may enter a final order consistent with Article III of the United States Constitution; (iii) this is a core proceeding under 28 U.S.C. § 157(b); (iv) venue of this Application in this district is proper under 28 U.S.C. § 1408; (v) notice of the Application and the hearing thereon, if any, was sufficient under the circumstances; (vi) the relief sought in the Application is in the best interests of the Debtors, their estates, creditors, and all parties in interest; and (vii) the legal and factual bases set forth in the Application, the First Day Declaration, and the Huron Declaration establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

1. Pursuant to sections 327and 328(a) of the Bankruptcy Code, the Debtors are authorized to retain and employ Huron to provide Mr. Bouley as Chief Restructuring Officer ("CRO"), Mr. Clements as Deputy Chief Restructuring Officer ("DCRO" and collectively with the CRO the "CROs") and the Additional Personnel to the Debtors effective as of the Petition Date, in accordance with (and on the terms described in) the Application, the Engagement Letter, and this Order.

2. Huron, Mr. Bouley, Mr. Clements and the Additional Personnel are authorized to perform the services described in the Application and the Engagement Letter, subject to the terms of this Order.

3. Notwithstanding anything in the Application or the Engagement Agreement to the contrary:

a. Huron and its affiliates will not act in any other capacity (for example, and without limitation, as a financial advisor or investor/acquirer) in connection with the above-captioned chapter 11 cases.

b. In the event the Debtors seek to have Additional Personnel assume executive officer positions that are different than the position(s) disclosed in the Application a motion to modify the retention will be filed with the Court.

c. During the course of these chapter 11 cases, Huron will only seek reimbursement of actual and necessary expenses.

d. No principal, employee, or independent contractor of Huron and its affiliates will serve as a director of any of the above-captioned Debtors during the pendency of these chapter 11 cases.

e. Any success fees, transaction fees, or other back-end fees will be subject to approval by the Court at the conclusion of this case on a reasonableness standard and are not being pre-approved by entry of this Order. The rights of the U.S. Trustee, any statutory committee, and all other parties in interest to object to any such fees, on any grounds, are fully preserved.

f. The Debtors are permitted to indemnify those persons serving as corporate officers on the same terms as provided to the Debtors' other officers and directors under the corporate bylaws and applicable state law, along with insurance coverage under the Debtors' directors and officers insurance policy, except to the extent a claim or expense is judicially determined to have arisen from gross negligence, willful misconduct, bad faith, fraud, or self-dealing.

g. There will be no indemnification of Huron or its affiliates, except as may be provided for in this Order.

h. For a period of three years after the conclusion of the engagement, neither Huron nor any of its affiliates will make any investments in the Debtors or the Reorganized Debtors.

i. The CROs will be subject to the same fiduciary duties and obligations applicable to other persons serving in such capacity.

j. Huron will make appropriate disclosures of any and all facts that may have a bearing on whether Huron, its affiliates, or any individuals working on the engagement hold/represent any interest adverse to, the Debtors, their creditors, or other parties in interest. The obligation to disclose identified in this subparagraph is a continuing obligation.

14118942

4. To the extent the Debtors wish to materially expand the scope of Huron's services beyond those services set forth in the Engagement Letter or this Order, the Debtors will be required to seek further approval from this Court. The Debtors will file notice of any proposed additional services (the "<u>Proposed Additional Services</u>") and any underlying engagement agreement with the Court and serve such notice on the U.S. Trustee, any official committee appointed in these chapter 11 cases, and any party requesting notice under Bankruptcy Rule 2002. If no such party files an objection within 14 days of the Debtors filing such notice, the Proposed Additional Services and any underlying engagement agreement may be approved by the Court by further order without further notice or hearing. To the extent any of such party objects within 10 days of notice of such Proposed Additional Services being served, the Debtors will promptly schedule a hearing before the Court on such matter. The Proposed Additional Services will not be effective unless and until they are approved by the Court. All additional services will be subject to the provisions of this Order.

5. Huron is authorized to apply the Retainer and/or advanced payments to satisfy any unbilled or other remaining prepetition fees and expenses that Huron becomes aware of during its ordinary course billing review and reconciliation. Any remaining Retainer and/or advanced payments will be applied to any post-petition invoices for services rendered post-petition until the remaining balance of the Retainer held by Huron is exhausted. If no such fees are allowed on a final basis by the Court the excess retainer will be refunded to the Debtors at the conclusion of the engagement.

6. Notwithstanding anything in the Application or the Engagement Letter to the contrary, Huron will: (a) pass through the cost of Contractors to the Debtors at the same rate that Huron pays the Contractors; (b) with respect to costs incurred by the Contractors, seek reimbursement for actual, reasonable, and documented costs only; (c) ensure that the Contractors are subject to the same conflict checks as were required for Huron in accordance with this retention; and (d) file with the Court such disclosures as are required by Bankruptcy Rule 2014.

7. Huron will file interim and final fee applications for allowance of compensation for services rendered and reimbursement of expenses incurred in accordance with the procedures set forth in the Bankruptcy Local Rules, and any other applicable orders and procedures of this Court. For billing purposes, the professionals providing services on an hourly rate basis will keep their time in 1/10 hour increments setting forth, in a summary format by project category, a description of the services rendered by each professional and the amount of time spent on each date by each such individual in rendering services on behalf of the Debtors. ~~Huron will make a reasonable effort to comply with the U.S. Trustee's requests for information and additional information documentation.~~

8. In the event that, during the pendency of these chapter 11 cases, Huron seeks reimbursement for any attorneys' fees and/or expenses, the invoices and supporting time records from such attorneys will be included in Huron's fee applications and such invoices and time records will be in compliance with the Bankruptcy Local Rules and subject to approval of the Court under the standards of Bankruptcy Code section 328; provided, however, that Huron will not seek reimbursement from the Debtors' estates for any fees incurred in defending any of Huron's fee applications in these chapter 11 cases.

9. The indemnification provisions set forth in the Engagement Letter are approved subject during the pendency of these Chapter 11 Cases to the following:

   a. Subject to the provisions of subparagraph (b), the Debtors are authorized to indemnify, and shall indemnify, Huron in accordance with the Engagement Letter for any claim arising from, related to, or in connection with the services provided for, whether prepetition or postpetition, in the Engagement Letter;

   b. Notwithstanding subparagraph (a) or any provisions of the Engagement Letter to the contrary, the Debtors shall have no obligation to indemnify Huron or provide contribution or reimbursement to Huron for any claim or expense that is either (i) judicially determined to have resulted primarily from the willful misconduct, gross negligence, bad faith, or self-dealing of Huron, of (b) settled prior to a judicial determination as to Huron's willful misconduct, gross negligence, bad faith, or self-dealing, but determined by the Court, after notice and a hearing pursuant to subparagraph (c), to be a claim or expense for which Huron should not receive indemnity, contribution, or reimbursement under the terms of the Engagement Letter; and

   c. If, before the earlier of (i) the entry of an order confirming a chapter 11 plan in these Chapter 11 Cases (that order having become a final order no longer subject to appeal), and (ii) the entry of an order closing these Chapter 11 Cases, Huron believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification, contribution, and/or reimbursement obligations under the Engagement Letter, including without limitation the advancement of defense costs, Huron must file an application therefore in this Court, and the Debtors may not pay any such amounts to Huron before the entry of an order by this Court approving the payment. This subparagraph (c) is intended only to specify the period of time during which the Court shall have jurisdiction over any request for indemnification, contribution, or reimbursement by Huron and not a provision limiting the duration of the Debtors' obligation to indemnify Huron.

10. During the course of the Chapter 11 Cases, any limitation of liability provisions in the Engagement Agreement shall have no force or effect.

11. To the extent there is any inconsistency between the terms of the Engagement Agreement, the Application, and this Order, the terms of this Order shall govern.

14118942

12. Huron will use its reasonable efforts to avoid any unnecessary duplication of services provided by any retained professionals in these chapter 11 cases.

13. Notice of the Application as provided therein shall be deemed good and sufficient notice of such Application, and the requirements of Bankruptcy Rule 6004(a) and the Bankruptcy Local Rules are satisfied by such notice.

14. The Debtor is authorized and empowered to take all reasonable actions necessary to implement the relief granted in this.

15. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation and/or interpretation of this Order.

**Signed:  August 29, 2023.**

_____
**DAVID R. JONES**
**UNITED STATES BANKRUPTCY JUDGE**

14118942