United States Bankruptcy Court
Southern District of Texas
**ENTERED**
August 30, 2023
Nathan Ochsner, Clerk

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re: | § |
| | § Chapter 11 |
| ALPINE SUMMIT ENERGY PARTNERS, INC., *et al.*, | § |
| | § Case No. 23-90739 (DRJ) |
| | § |
| | § (Jointly Administered) |
| Debtors.[1] | § |

**ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF PORTER HEDGES LLP AS COUNSEL FOR THE DEBTORS AND DEBTORS IN POSSESSION**

(Relates to Doc. No. 323 )

Upon the application (the "Application")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Order") authorizing the retention and employment of Porter Hedges LLP ("PH" or the "Firm") as counsel for the Debtors, all as more fully set forth in the Application; and upon the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the Amended Standing Order; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that it may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Application in this district is proper pursuant to 28 U.S.C. § 1408; and this Court having found that the relief requested in the Application is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Application and

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of the Debtors' federal tax identification number, are Alpine Summit Energy Partners, Inc. (3755), HB2 Origination, LLC (6760), Ageron Energy II, LLC (1436), Ironroc Energy Partners LLC (9801), Ageron Ironroc Energy, LLC (N/A), Alpine Summit Energy Investors, Inc. (4428), and Alpine Carbon, LLC (N/A). The location of the Debtors' service address is: 3322 West End Ave, Suite 450, Nashville, TN 37203.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Application.

1

opportunity for a hearing on the Application were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Application and having heard the statements in support of the relief requested therein at a hearing before this Court; and this Court having determined that the legal and factual bases set forth in the Application establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. Pursuant to section 327(a) of the Bankruptcy Code, Bankruptcy Rules 2014 and 2016, Bankruptcy Local Rules 2014-1 and 2016-1, and the Complex Case Procedures, the Debtors are authorized to employ and retain PH as their attorneys in the Chapter 11 Cases effective as of the Petition Date on the terms and conditions set forth in the Application and the engagement agreements dated as of May 4, 2023 and July 3, 2023 (the "**Engagement Letters**") attached to the English Declaration as **Exhibit 1**.

2. PH is authorized to render professional services to the Debtors as described in the Application and the Engagement Letters.  Specifically, but without limitation, PH will render the following services, among others:

   a. providing legal advice with respect to the Debtors' powers and duties as debtors in possession in the continued operation of their business and management of their properties;

   b. attending meetings and negotiating with representatives of creditors and other parties in interest and advising and consulting on the conduct of the Chapter 11 Cases, including the legal and administrative requirements of operating in chapter 11;

   c. taking necessary action to protect and preserve the Debtors' estates;

   d. preparing and prosecuting on behalf of the Debtors all motions, applications, answers, orders, reports, and papers necessary to the administration of the estates;

  e. advising and assisting the Debtors with financing and transactional matters as such may arise during the chapter 11 cases;

  f. appearing in Court and protecting the interests of the Debtors before the Court; and

  g. performing all other legal services for the Debtors that may be necessary and proper in these chapter 11 cases.

3. PH shall apply for compensation of professional services and reimbursement of expenses incurred in connection with the Chapter 11 Cases in compliance with sections 330 and 331 of the Bankruptcy Code and the applicable provisions of the Bankruptcy Rules, the Bankruptcy Local Rules, ~~the Fee Guidelines (as defined in the English Declaration)~~, and any applicable orders of this Court.

4. Notwithstanding anything to the contrary in the Application, the Engagement Letters, or the declarations attached to the Application, any reimbursement provisions allowing for the reimbursement of fees earned and expenses incurred in connection with defending any objection to PH's fee applications under the Bankruptcy Code are not approved pending further order of the Court.

5. PH is authorized to apply its retainer against any outstanding prepetition fees, costs, or expenses. PH shall waive the amount of any prepetition fees, costs, or expenses in excess of the amount of its retainer. Notwithstanding anything in the Engagement Letters to the contrary, to the extent PH holds any retainer in excess of amounts owed by the Debtors, it shall be held as security throughout the Chapter 11 Cases until PH's fees and expenses are awarded and payable to PH on a final basis. At the conclusion of PH's engagement by the Debtors, if the amount of PH's retainer is in excess of the amount of PH's outstanding and estimated fees, expenses, and costs, PH will pay to the Debtors the amount by which PH's retainer exceeds such fees, expenses, and costs.

6.  PH shall use its best efforts to avoid any duplication of services provided by any of the Debtors' other Chapter 11 Professionals in the Chapter 11 Cases.

7.  PH shall provide ten (10) business-days' notice to the Debtors, the U.S. Trustee, and any official committee before any increases in the rates set forth in the Application are implemented, and shall file such notice with the Court. The U.S. Trustee retains all rights to object to any rate increase on all grounds, including the reasonableness standard set forth in Section 330 of the Bankruptcy Code, and the Court retains the right to review any rate increase pursuant to Section 330 of the Bankruptcy Code.

8.  All billings shall be recorded in increments of 0.1 of an hour.

9.  To the extent that PH uses the services of contract attorneys in these cases, PH shall (a) not charge a markup to the Debtors with respect to fees billed by contract attorneys who are hired by PH to provide services to the Debtors, (b) seek reimbursement for actual out-of-pocket expenses only, and (c) ensure that any such contract attorneys are subject to conflict checks and disclosures in accordance with the requirements of the Bankruptcy Code and Bankruptcy Rules.

10. PH shall make a reasonable effort to comply with the U.S. Trustee's requests for information and additional disclosures as set forth in the U.S. Trustee Guidelines, both in connection with the Application and the interim and final fee applications to be filed by PH in these Chapter 11 cases.

11. PH will review its files periodically during the pendency of the Chapter 11 Cases to ensure that no conflicts or other disqualifying circumstances exist or arise. If any new relevant facts or relationships are discovered or arise, PH will promptly file a supplemental declaration, as required by Bankruptcy Rule 2014(a).

4

12. To the extent the Application, the Engagement Letters, or the declarations attached to the Application are inconsistent with this Order, the terms of this Order shall govern.

13. Notice of the Application as provided therein is hereby deemed good and sufficient notice of such Motion, and the requirements of Bankruptcy Rule 6004(a) and the Bankruptcy Local Rules are satisfied by such notice.

14. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

15. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Application.

16. The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Houston, Texas

**Signed:  August 29, 2023.**

_____
**DAVID R. JONES**
**UNITED STATES BANKRUPTCY JUDGE**