UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| ALPINE SUMMIT ENERGY | § | Case No. 23-90739 (DRJ) |
| PARTNERS, INC., et al | § | |
| Debtors | § | Jointly Administered |

## DALLAS PETROLEUM GROUP LLC'S OBJECTION TO THE DISCLOSURE STATEMENT AND THE MOTION FOR APPROVAL THEREOF
**[Relates to ECF # 1248]**

Dallas Petroleum Group, LLC, respectfully show:

1. The disclosure statement describes how the plan proposes to cancel intercompany debts. According to its monthly operating reports-- after netting out its intercompany liability -- HB2 Origination, (i) on the petition date was owed a net $120,999,346, and (ii) as of November 30, 2023, was owed a net $195,627,505.

2. If true, that means the plan proposes to effectively cancel at $74,628,159 administrative claim owed by other debtors to HB2 Origination. The disclosure statement does not appear to adequately describe the apparent plan to forgive that large administrative claim, or adequately explain how HB2 Origination's creditors are served by waiver of such a large administrative claim.

3. Additionally, the disclosure statement does not make clear the degree to which, if any, any of the $74,628,159 debt owed by HB2 Origination is owed of any of its non-debtor affiliates.

4. Paragraph 39 of the motion at ECF 1248 indicates that holders of rejection claims may vote only if the claim is filed by the Voting Record Date. The proposed Voting Record Date is January 9, 2023, that is, today. The plan, however, contemplates contract rejections that

occur after January 9, 2023.   The Court should not disenfranchise creditors under this misalignment of dates.

5. The disclosure statement and attached documents appear not to allow creditors to opt-out of third-party releases by simply filing the opt-out forms on the Court's docket.  DPG objects on this basis.  Especially for active parties, this is the easiest way to opt-out.

6. Paragraph 4 of the motion at ECF 1248 advises that relief is sought under 363 of the Bankruptcy Code.  The motion does not describe that particular relief.

7. Paragraph 37 of the motion and the proposed order give the debtors and their solicitation agent the ability "to determine all questions as to the validity, form eligibility (including receipt), acceptance, revocation or withdrawal of the Ballots; which determination will be final and binding absent a contrary ruling by the Court."   If the Court has the last word, as apparently proposed, then there is no reason for this provision unless it somehow modifies the applicable rules of procedure.  If the provision purports to modify the rules of procedures, then the motion does not adequately indicate how, or why such a modification is necessary.

8. DPG respectfully requests that the Court sustain DPG's objections.

      Respectfully submitted,

      O'CONNORWECHSLER PLLC

      */s/ Annie E. Catmull*
      Annie E. Catmull
      State Bar No. 00794932
      4400 Post Oak Parkway
      Suite 2360
      Houston, Texas 77027
      Tel.: (281) 814-5977
      aecatmull@o-w-law.com

      ATTORNEYS FOR DALLAS PETROLEUM GROUP LLC AND U.S. PRODUCING PROPERTIES

## CERTIFICATE OF SERVICE

The undersigned certifies that on January 9 2024, the attached was served via the Court's ECF notification system to all registered users.

By: _____*Annie E. Catmull*_____
Annie E. Catmull