United States Bankruptcy Court
Southern District of Texas
**ENTERED**
February 12, 2026
Nathan Ochsner, Clerk

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| IN RE: § | |
| § | CASE NO: 23-90739 |
| ALPINE SUMMIT ENERGY § | |
| PARTNERS, INC., *et al.*, § | |
| Debtors. § | Jointly Administered |
| § | CHAPTER 11 |

### MEMORANDUM OPINION AND ORDER

On December 19, 2025, the Court held a hearing on the GUC Trustee's objection to Proofs of Claim Nos. 316, 317, 340 ("Claims at Issue") filed by Geoffrey L. Schultz, Robert L. Schultz, and Casey L. Schultz (collectively "Claimants"). ECF No. 2819. At the hearing, the Claimants urged the Court to elevate the status of their claims from general unsecured claims to secured claims based on Texas oil and gas liens. ECF No. 2823. This is notwithstanding the fact that the Claimants each checked "No" to Official Form 410 Item 9, which provides: "Is all or part of the claim secured?" ECF Nos. 2814-3 at 3, 2814-4 at 3, 2814-5 at 3.

The Claims at Issue are allowable only as general unsecured claims and are disallowed to the extent they assert secured claims.

### BACKGROUND

The Claimants are heirs to the Estate of Norman L. Schultz, who owned interests in certain oil and gas wells. ECF No. 2828-1 at 3. Prior to the Petition Date, the wells were transferred to Alpine Summit Funding, LLC, a non-debtor. ECF No. 2828-1 at 3. The Debtors scheduled Norman Schultz's interests as a general unsecured claim in the amount of $121,200.23. ECF No. 2828-1 at 3.

The Estate of Norman Schultz filed a proof of claim, asserting an unsecured unliquidated claim based on "Oil and gas royalties owed."

ECF No. 2139-2 at 3. The Schultz Estate later amended its claim to assert a secured claim in the amount of $150,000.00. ECF No. 2139 at 4. The Lienholder Trustee, established by the Debtors' confirmed Chapter 11 Plan, objected to those claims. ECF No. 2139. The Court disallowed both claims. ECF No. 2216.

The Claimants then filed the Claims at Issue, asserting unliquidated, unsecured claims based "Oil and gas royalties owed." ECF Nos. 2814-3, 2814-4, 2814-5. The Claims were filed timely. The Claims relate to Norman Schultz's interests in the wells that were sold pre-petition. No supporting documents were attached to the Proofs of Claim. The Claimants seek to elevate the status of their claims to secured, after the Bar date has passed.

## JURISDICTION

28 U.S.C. § 1334 provide the District Courts with jurisdiction over this proceeding. 28 U.S.C. § 157(b)(1) states "[b]ankruptcy judges may hear and determine all cases under title 11 and all core proceedings arising under title 11, or arising in a case under title 11, referred under subsection (a) of this section, and may enter appropriate orders and judgments, subject to review under section 158 of this title." The Court has jurisdiction over this proceeding as it is a core proceeding the Court can consider under 28 U.S.C. § 157(b)(2)(A). This proceeding has been referred to Bankruptcy Court under General Order 2012-6. The Court has constitutional authority to enter final orders and judgments. *Stern v. Marshall*, 564 U.S. 462, 486–87 (2011).

## DISCUSSION

The Claimants request the Court to allow their claims as secured claims notwithstanding the fact that they checked "No" to Item 9 on Official Form 410[1].

The Claimants argue that Item 9 is, at best, ambiguously worded and does not contemplate statutory liens under Texas law. The

---

[1] Item 9 provides: Is all or part of the claim secured?

Claimants assert oil and gas liens under Texas Prop. Code § 67.002. Under § 67.004, such liens are perfected automatically without the filing of a financing statement or other documentation. Section 67 liens take priority over certain security interests. § 67.007 ("Except for a permitted lien, an oil and gas lien takes priority over any other lien, whether arising by contract, law, equity, or otherwise, or any security interest."). Due to the priority of an oil and gas lien, the Claimants assert that checking "yes" to Item 9 would have been detrimental to their asserted secured claim.

The Claimants' position is misplaced. Lien priority does not waive the requirement for the Claimants to check "yes" to Item 9 of Form 410 if their claim is secured. The Claimants assert that Item 9 is only applicable to secured interests that are based on documentation. A plain reading of Item 9 does not support such interpretation. While checking "Yes" to Item 9 requires additional information from a creditor, the creditor is NOT required to attach documents supporting a secured interest. The relevant portion of Item 9 provides:

> **Basis for Perfection:** _____
>
> Attach redacted copies of documents, **if any**, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

Nothing in the plain language of Item 9 excludes statutory liens. To the contrary, Item 9 is broadly encompassing and includes liens that are automatically perfected by the phrase: "documents, if any." The Court strains to find any ambiguity in Form 410. The Claimants were obligated to identify and provide details about their statutory lien.

The Claimants next argue that equitable considerations warrant post-bar date amendment of their claim. Their request is not a mere amendment of a claim. The Fifth Circuit has held that:

> Bar dates are not to be vitiated by amendments, and the courts must ensure that the amendments do not introduce

wholly new grounds of liability. Amendments to proofs of claim that change the nature of the claim from an unsecured status to a priority status set forth a new claim.

*Highlands Ins. Co. v. Alliance Operating Corp. (In re Alliance Operating Corp.)*, 60 F.3d 1174, 1175 (5th Cir. 1995) (citing *In re Metro Trans. Co.*, 117 B.R. 143, 148 (Bankr. E.D. Pa. 1990)). The Court relied on reasoning set forth in *Metro*: "[R]eclassifying the claim as a priority claim impacts the Debtor's Plan and the distributions to be paid to the other creditors under the Plan." *Metro*, 117 B.R. at 148.

Here, the Claimants do not seek to increase their claims or correct a clerical error. They assert secured claims for the first time after the bar date. The fact that the proofs of claim reference "oil and gas royalties owed" does not place the GUC Trustee or the Estate on sufficient notice that the Claimants intended to assert secured claims based on statutory liens. Further, the Lienholder Trust has been terminated. Allowing a late assertion of secured status would be prejudicial to the rights of other creditors. The Court finds no basis to permit the reclassification of the Claims after the bar date.

## CONCLUSION

The Court disallows the Claims at Issue to the extent they assert secured claims. The GUC Trustee's objection to the Claims, to the extent they assert general unsecured claims, is overruled.

SIGNED 02/12/2026

_____
Marvin Isgur
United States Bankruptcy Judge